UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON, | No. 2:15-cv-1313 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| J.A. BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff has filed two separate requests.

Request for Appointment of Counsel

First, plaintiff requests that the court appoint counsel. Plaintiff provides his TABE Score of 5.2 from June 30, 2000, as well as a "Medical Condition - Physical Profile Record" from the Commander of the Brooke Army Medical Center, dated June 15, 1979, that claims plaintiff has "mixed personality disorder." (ECF No. 20 at 4, 6.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Plaintiff is advised that there is no constitutional right to appointed counsel in a civil action, including a civil rights action under section 1983. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The decision to appoint counsel is within "'the sound discretion of the trial court and is granted only

in exceptional circumstances.'" Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)). When deciding whether exceptional circumstances exist, the court must evaluate both " 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Palmer, 560 F.3d at 970 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and instead must be viewed together. Palmer, 560 F.3d at 970, but see Richards v. Harper, 864 F.2d 85, 87-88 (9th Cir. 1988) (finding no likelihood of success on merits and not addressing "ability to articulate claims pro se" prong in exceptional circumstances analysis prior to denying motion for counsel). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. See Tilton v. Brown, 2013 WL 3804583, at *3 (E.D. Cal. July 19, 2013) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel."); Cardwell v. Kettelhake, 2010 WL 3636267, at *1 (E.D. Cal. Sept. 14, 2010) (plaintiff's failure to complete high school, his alleged difficulty responding to pleadings and understanding procedural rules, and his limited access to the law library do not establish "exceptional circumstances" warranting appointment of counsel as they are "experience[s] common to many prisoners").

Initially, the undersigned notes that both items upon which plaintiff relies are outdated; the TABE score was derived almost 18 years ago, and the mixed personality disorder reference was made over 38 years ago. Review of plaintiff's pleadings demonstrate that plaintiff is articulate and able to set forth cogent allegations. In addition, review of the court docket reflects that plaintiff responds appropriately to court orders. In addition, because plaintiff has been granted leave to amend, the court is unable to determine whether plaintiff's claims have merit such that there is a likelihood of success on his claims. Prison officials are likely entitled to qualified immunity on plaintiff's claims that prison water contained arsenic; thus, it does not appear that plaintiff would likely succeed on those claims. But the undersigned cannot determine

whether or not plaintiff will likely succeed on the merits of his deliberate indifference to his serious medical needs claims because no operative amended pleading has yet been filed. In any event, having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Request for Extension

Second, in the alternative, plaintiff seeks a sixty day extension of time in which to respond to the March 20, 2018 order and findings and recommendations. Good cause appearing, plaintiff's motion for extension of time is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 20) is denied without prejudice;

2. Plaintiff's motion for an extension of time (ECF No. 20) is granted; and

3. Plaintiff is granted sixty days from the date of this order in which to file his objections.

Dated: April 12, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john1313.31+36