UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>J.A. BEARD, et al.,<br><br>Defendants. | No. 2:15-cv-1313 TLN KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel, and seeks an extension of time to file objections to the March 20, 2018 findings and recommendations.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional

1

circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff renews his request for appointment of counsel based on the same factors discussed in this court's April 12, 2018 order denying plaintiff's first request for counsel.  Having reconsidered the factors under Palmer, the court again finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel, for the same reasons set forth in the April 12, 2018 order.  (ECF No. 21.)

In addition, plaintiff filed a second motion for a sixty-day extension of time to file objections to the findings and recommendations.  Good cause appearing, plaintiff's request for extension of time is granted.  However, no further extensions of time will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 22) is denied without prejudice

2. Plaintiff's motion for an extension of time (ECF No. 22) is granted; and

2. Plaintiff is granted sixty days from the date of this order in which to file objections to the findings and recommendations.

Dated:  June 6, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john1313.31+36(2)

2