1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   PAUL DAVID JOHNSON,              No. 2:15-cv-1313 TLN KJN P
12            Plaintiff,
13        v.                          FINDINGS AND RECOMMENDATIONS
14   J.A. BEARD, et al.,
15            Defendants.
16

17   Introduction

18        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights

19   action under 42 U.S.C. § 1983. On February 4, 2019, plaintiff filed a motion to amend. As set

20   forth below, the undersigned recommends that plaintiff's motion to amend be denied, and that

21   this action be dismissed based on plaintiff's failure to comply with court orders. Fed. R. Civ. P.

22   41(b).

23   Background

24        On March 20, 2018, the undersigned issued an order and findings and recommendations,

25   which the district court adopted in full over plaintiff's objections on October 31, 2018. (ECF

26   Nos. 19, 25.) On November 5, 2018, plaintiff was granted, *sua sponte*, a thirty-day extension of

27   time in which to file a second amended complaint that complied with the March 20, 2018 order,

28   and warned that failure to do so would result in dismissal of this action. (ECF No. 26.)

Thereafter, plaintiff filed interlocutory appeals, which were dismissed for lack of jurisdiction. (ECF No. 31.) On January 18, 2019, again *sua sponte*, the court granted plaintiff one <u>final</u> extension of time of twenty-one days in which to file a second amended complaint that complied with the March 20, 2018 order. (ECF No. 34.) Plaintiff was cautioned that "[f]ailure to file his pleading in response to this order will result in the dismissal of this action. Fed. R. Civ. P. 41(b)." (ECF No. 34 at 1.)

<u>Plaintiff's Motion</u>

Despite this court's orders, plaintiff has not filed a second amended complaint. Rather, on February 4, 2019, plaintiff filed a motion to amend in which he seeks leave to pursue a claim against D.L. Runnels, Warden of High Desert State Prison ("HDSP"), who allegedly set in motion a series of acts by others, including being legally responsible for the safe drinking water, the medical treatment, and health, safety, and welfare of the inmate population. (ECF No. 35 at 3.) Plaintiff alleges Runnels, with the approval of the contracted medical doctors and the institutional plant operator, allowed the drinking water at HDSP to continue to be consumed by inmates knowing it was unsafe due to high levels of arsenic and nitrate, exposing plaintiff to arsenic from 2000 to 2004 or 2005. (<u>Id.</u>) Plaintiff contends that despite such awareness, Runnels acted with negligence, breaching his obligation to plaintiff. (ECF No. 35 at 5.) Plaintiff concedes that Runnels was not the medical provider, but argues that supervisors can be liable under § 1983 based on their supervision and control of their subordinates by their own culpable action or inaction in the training, supervision or control of such subordinates; acquiescence in the constitutional deprivation; or conduct showing a reckless or callous indifference for the rights of others.

<u>Standards Governing Terminating Sanctions</u>

District courts retain broad discretion to control their dockets and "[i]n the exercise of that power they may impose sanctions, including where appropriate, default or dismissal." <u>Adams v. California Dep't of Health Servs.</u>, 487 F.3d 684, 688 (9th Cir. 2007)[1] (brackets in original)

---

[1] <u>Adams</u> was overruled on other grounds by <u>Taylor v. Sturgell</u>, 553 U.S. 880, 904 (2008).

2

(quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). "[C]ourts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985) (internal quotations and citation omitted); see, e.g., Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (upholding dismissal where party engaged in deceptive practices that undermined the integrity of the proceedings). But such a harsh penalty "should be imposed as a sanction only in extreme circumstances." Thompson, 782 F.2d at 831 (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). Courts have dismissed an action with prejudice for various reasons. See, e.g., Malone v. United States Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson, 779 F.2d at 1424 (dismissal for failure to prosecute and for failure to comply with local rules); Sanchez v. Rodriguez, 298 F.R.D. 460, 464 (C.D. Cal. 2014) (applied terminating sanctions for pro se plaintiff's failure to respond to discovery requests).

Accordingly, the Ninth Circuit permits imposition of such terminating sanctions only after the district court has weighed: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Thompson, 782 F.2d at 831; Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions.") (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

Discussion

Initially, plaintiff's motion to amend fails because it was not accompanied by a proposed second amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed second amended complaint, the court is unable to evaluate it.

More importantly, however, plaintiff failed to comply with the court's orders, which this court finds willful in light of the specific rulings contained in the order and findings and

3

recommendations issued on March 20, 2018. "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (citation omitted). Plaintiff's failure to file a second amended complaint is solely within plaintiff's control, as evidenced by his ability to file other documents with the court.

The court made clear that this action would proceed solely on plaintiff's claims concerning medical care at CSP-SOL and DVI, and plaintiff was warned that he was not allowed to change the nature of this suit by alleging new, unrelated claims. (ECF No. 19 at 38.) Specifically, plaintiff was granted leave to amend the following claims:

a. Eighth Amendment medical claims based on medical care provided by Dr. Naku, Dr. Mahmoud, Dr. Chen, or Dr. Collinsworth, at CSP-SOL *after December 13, 2010*;

b. Eighth Amendment medical claims based on medical care provided by defendants Dr. Win, Dr. Zheng, or Dr. Kim at DVI; and

c. Negligence or medical malpractice state law claims based on medical care, provided he can demonstrate timely compliance with the CTCA's presentation requirement.

(ECF No. 19 at 39 (emphasis added.) Further, plaintiff was informed that his water claims must be raised in a separate civil rights action, and cautioned that his HDSP claims were likely barred by the statute of limitations. (ECF No. 19 at 8.) Moreover, plaintiff's claims against doctors at HDSP based on medical care from 2000 to 2005 at HDSP were dismissed as barred by the statute of limitations. (ECF No. 19 at 25.) Plaintiff was reminded that Runnels is not liable based on a theory of respondeat superior in a federal civil rights action. (ECF No. 19 at 5 n.4.)

In light of the detailed screening order, as well as plaintiff's continued failure to file a second amended complaint, the undersigned finds that plaintiff's failure to comply with court orders is willful and intentional.

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending since June of 2015, and plaintiff's willful refusal to file a second amended complaint since December 5, 2018, further delays screening, service of process, and timely resolution of this

action. Moreover, plaintiff's filing of a futile motion to amend usurps scarce judicial resources by requiring the court to revisit issues already addressed in the March 20, 2018 screening order.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone, 833 F.2d at 131). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). Here, defendants have not yet been served with process and therefore have not received notice of plaintiff's claims. Fed. R. Civ. P. 4(m). Plaintiff's claims grow more stale as time passes, and his continued efforts to pursue stale claims from 2000 to 2005, which are likely barred by the statute of limitations, are prejudicial and interfere with the court's ability to address plaintiff's timely claims. Technically, plaintiff's amended pleading should have been filed April 20, 2018 (ECF No. 19 at 39), but this court *sua sponte* granted plaintiff extensions of time in which to comply. Plaintiff's additional delay in filing his pleading further prejudices defendants by depriving them of an opportunity to timely respond.

The fourth factor weighs against dismissal, because "public policy strongly favors disposition of actions on the merits." Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). However, in this case it is outweighed by the factors in favor of dismissal discussed herein.

Finally, the court finds that there are no other, lesser sanctions that would be satisfactory or effective. Plaintiff has twice been warned that failure to file a second amended complaint would result in the dismissal of this action. (ECF Nos. 26 at 1; 34 at 1.) See, e.g., Anderson v. City of Davis, 368 Fed. Appx. 851 (9th Cir. 2010); Puckett v. Dyer, 331 Fed. Appx. 476, 477 (9th Cir. 2009); Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (1992) (citing Malone, 833 at 132-33; Henderson, 779 F.2d at 1424). Monetary sanctions are ineffective in light of plaintiff's in forma pauperis status. Because no operative pleading is on file, the court is unable to consider any other evidentiary sanctions. Additional court orders are ineffective because plaintiff refuses to comply with them. Plaintiff's objections were overruled by the district court, and his appeals were

| | |
|---|---|
| 1 | dismissed by the United States Court of Appeals for the Ninth Circuit. |
| 2 | In addition, plaintiff has been granted multiple opportunities to amend his pleading. |
| 3 | Plaintiff filed his first pleading in the Northern District of California in 2014. (See ECF No. 19 at |
| 4 | 2.) Plaintiff's claims against defendants at HDSP, CSP-SOL and DVI were dismissed without |
| 5 | prejudice to filing an action in the Eastern District. (Id.) On June 19, 2015, plaintiff filed his |
| 6 | original complaint in this action. (ECF No. 1.) On June 21, 2016, plaintiff filed a 220-page |
| 7 | amended complaint. (ECF No. 15.) Despite the court's two prior warnings, plaintiff did not |
| 8 | otherwise file or submit a proposed second amended complaint with his motion to amend. |
| 9 | For all of the above reasons, and after weighing all of the factors required by the Ninth |
| 10 | Circuit, the undersigned finds that plaintiff's willful failure to file a second amended complaint as |
| 11 | required by the district court's October 31, 2018 order warrants the imposition of terminating |
| 12 | sanctions based on plaintiff's failure to comply with the court's orders. Fed. R. Civ. P. 41(b). |
| 13 | Accordingly, IT IS HEREBY RECOMMENDED that: |
| 14 | 1. Plaintiff's motion to amend (ECF No. 35) be denied; and |
| 15 | 2. This action be dismissed with prejudice. Fed. R. Civ. P. 41(b). |
| 16 | These findings and recommendations are submitted to the United States District Judge |
| 17 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days |
| 18 | after being served with these findings and recommendations, plaintiff may file written objections |
| 19 | with the court and serve a copy on all parties. Such a document should be captioned |
| 20 | "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that |
| 21 | failure to file objections within the specified time may waive the right to appeal the District |
| 22 | Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). |
| 23 | Dated: February 7, 2019 |

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1313.56