UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. A. BEARD, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1313 TLN KJN P<br><br><br>ORDER |

Plaintiff has filed a motion for extension of time to file a response to the February 7, 2019 findings and recommendations.

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Because there is no operative pleading on file, the court is unable to determine the likelihood of success on the merits, and to date, plaintiff has been able to articulate his claims. However, good cause appearing, the court will grant plaintiff a 60-day extension of time to file objections and append a proposed amended complaint that complies with the March 20, 2018 order. No further extensions of time will be granted. Failure to timely comply with this order will result in the findings and recommendations being referred to the district court for review and adoption.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 37) is granted;

2. Plaintiff is granted sixty days from the date of this order in which to file objections to the findings and recommendations that are accompanied by a proposed amended complaint that complies with the March 20, 2018 order; and

3. Plaintiff's motion for the appointment of counsel (ECF No. 37) is denied without prejudice.

Dated: March 5, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1313.36+31