UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J.A. BEARD, et al.,<br><br>    Defendants. | No. 2:15-cv-1313 TLN KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

At this time, no operative pleading is on file. Thus, it remains unclear whether plaintiff can allege facts demonstrating that defendants were deliberately indifferent to plaintiff's serious medical needs. (<u>See</u> e.g., ECF Nos. 40, 44.) Rather, plaintiff again refers to "medical neglect." (ECF No. 45.) Plaintiff has previously been informed that negligence (including medical misdiagnosis), fails to state an Eighth Amendment violation. (ECF No. 44 at 10-11.)

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff filed a motion for a lengthy 60 to 90-day extension of time to file an amended complaint based on his limited law library availability and his need to do research. However, plaintiff is reminded that his primary focus should be on the facts of his particuliar care, or lack thereof, which he believes establishes deliberate indifference. Nevertheless, good cause appearing, the court will grant plaintiff's request for an extension of time. However, plaintiff is cautioned that no further extensions of time will be granted absent a showing of substantial cause.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 45) is denied without prejudice;

2. Plaintiff's motion for extension of time (ECF No. 45) is granted; and

3. Plaintiff is granted ninety days from the date of this order in which to file a third amended complaint.

Dated: July 29, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1313.31+36