UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>         Plaintiff,<br><br>    v.<br><br>J.A. BEARD, et al.,<br><br>         Defendants. | No.  2:15-cv-1313 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. On December 11, 2019, the undersigned found that plaintiff's third amended complaint stated potentially cognizable Eighth Amendment claims for relief against defendants, including Dr. Chen.  (ECF No. 55.)  Defendant Dr. Chen filed a motion to dismiss plaintiff's claims against him as barred by the statute of limitations and law of the case.  As set forth below, defendant Dr. Chen's motion should be granted.

II. Legal Standard for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

1

1    (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v.

2    McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

3    1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more

4    than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a

5    cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words,

6    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

7    statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

8    upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570.

9    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

10   draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556

11   U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes

12   of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co.,

13   896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

14       A motion to dismiss for failure to state a claim should not be granted unless it appears

15   beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

16   entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se

17   pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner,

18   404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz

19   v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal

20   interpretation of a pro se complaint may not supply essential elements of the claim that were not

21   pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

22   III.  Plaintiff's Claims

23       Plaintiff alleges that defendant Y.P. Chen, M.D. was deliberately indifferent to plaintiff's

24   serious medical needs, from October 18, 2007, through June 2008, in violation of the Eighth

25   Amendment. (ECF No. 54 at 4.) Specifically, plaintiff alleges that on October 15, 2007, Dr.

26   Chen ordered lab tests, "including a chem-panel lipid profile, CBC urinalysis, and PSA blood

27   test. (Id.) Plaintiff alleges that Dr. Chen ignored the medical reports of Dr. Naku, as well as the

28   myriad symptoms plaintiff was suffering contained in plaintiff's medical records, and delayed in

treating plaintiff. (ECF No. 54 at 5.) Plaintiff contends that he continues to endure physical and emotional pain because Dr. Chen chose not to examine plaintiff's medical file, ignored the seriousness of plaintiff's medical needs, subjecting plaintiff to long delays, and mistreated plaintiff's symptoms as "'simple' stomach pains," causing plaintiff's prostate to further enlarge. (Id.) Plaintiff argues that had Dr. Chen been diligent, plaintiff's cancer could have been discovered sooner, decreasing the likelihood of permanent damage and disability. Plaintiff also alleges that Dr. Chen delayed in scheduling plaintiff to see a specialist. (Id.)

IV. Statute of Limitations

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. See Jones, 393 F.3d at 927. California's statute of limitations for personal injury actions requires that the claim be filed within two years. Cal. Code Civ. Proc. § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989). Under California's Code of Civil Procedure, § 352.1(a), if a prisoner is not serving a life term, he is subject to a two-year tolling of the statute of limitations, resulting in a four-year statute of limitations. However, if a prisoner is serving a life term, he is not eligible for tolling as a prisoner, and the statute of limitations is only two years.

Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an in forma pauperis

complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984). See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).

V. Equitable Tolling

This court must apply California law governing equitable tolling. Jones, 393 F.3d at 927. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting Addison v. California, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court. "California courts apply equitable tolling 'to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.'" Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)).

VI. Discussion

    A. Law of the Case and the Statute of Limitations

The district court previously found that plaintiff's Eighth Amendment medical claims against defendant Dr. Chen arising from medical care provided at CSP-SOL prior to December 13, 2010, are barred by the statute of limitations. (ECF No. 25 at 2, adopting ECF No. 19 at 28.) Therefore, in screening plaintiff's second amended complaint, the undersigned found that plaintiff's claims against Dr. Chen based on incidents prior to December 13, 2010, were time-barred under law of the case doctrine. (ECF No. 44 at 5, citing see Richardson v. United States, 841 F.2d 993, 996 (9th Cir.), amended 860 F.2d 357 (9th Cir. 1988) (under law of the case doctrine, "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.").) Because plaintiff's third amended complaint now identifies Dr. Chen's treatment from October 18, 2007, through June 2008, such claims are also barred under law of the case doctrine because the claims arose prior to December 13, 2010.

////

1    Plaintiff again fails to identify any treatment or alleged failure to treat by Dr. Chen after
2    December 13, 2010.  Plaintiff appended documents reflecting treatment and testing from 2007 to
3    2008.  (ECF No. 54 at 36-42, 44.)[1]  Thus, it is apparent from the face of plaintiff's third amended
4    complaint, as well as this court's prior orders, that plaintiff's claims against Dr. Chen are barred
5    by the statute of limitations.
6    Plaintiff bears the burden to plead facts demonstrating he is entitled to equitable tolling.
7    Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993); see also Kleinhammer v. City of Paso
8    Robles, 385 F. App'x 642, 643 (9th Cir. 2010).  Here, plaintiff has not met such burden because
9    his arguments fail to demonstrate that he is entitled to equitable tolling under California law.
10   Accordingly, defendant Dr. Chen's motion should be granted.
11   B.  Plaintiff's Amendment as to Dr. Chen Barred by Prior Screening Order
12   In addition, this court noted that although plaintiff was also housed at CSP-SOL from
13   September to December of 2012, plaintiff had been unable to allege facts concerning Dr. Chen's
14   deliberate indifference after December 13, 2010.  (ECF No. 44 at 5.)  Because plaintiff had
15   received multiple opportunities to allege such facts, yet failed to do so, plaintiff was not granted
16   leave to amend as to Dr. Chen.  (Id.)  Plaintiff was reminded that a doctor cannot be found
17   deliberately indifferent for failing to treat a condition of which he is unaware.  (Id. at 6.)  Because
18   plaintiff was specifically denied leave to amend to name Dr. Chen, plaintiff's claims against Dr.
19   Chen should be dismissed.
20   C.  Plaintiff's Opposition
21   In his opposition, plaintiff focuses on his allegations that Dr. Chen delayed treating
22   plaintiff by misdiagnosing plaintiff and by failing to earlier send plaintiff to a urologist.  (ECF
23   No. 70 at 13.)  But as plaintiff has been previously informed, misdiagnosis is insufficient to meet
24   the deliberate indifference standard.  "A showing of medical malpractice or negligence is
25   insufficient to establish a constitutional deprivation under the Eighth Amendment."  Toguchi v.
26   Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "[E]ven gross negligence is insufficient to establish

---

[1] Plaintiff also provided medical records from 2013, but plaintiff was housed at DVI and being treated by Dr. Win in 2013.  (ECF No. 54 at 46-53.)

a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)). The record reflects that the results of the PSA test ordered by Dr. Chen stated that plaintiff's PSA level was "in range" at 1.6. (ECF No. 15 at 106.) Thus, the PSA level at that time was not high as plaintiff claims in his opposition. (ECF No. 70 at 5.) In addition, the court previously reviewed plaintiff's allegations concerning his medical care at CSP-SOL and stated:

> Plaintiff's repeated conclusory allegations attached to varying time spans do not assist the court in determining whether plaintiff can state cognizable Eighth Amendment claims against the defendant doctors at CSP-SOL. Review of plaintiff's amended complaint in its entirety demonstrates that plaintiff had multiple medical issues, and while housed at DVI, was diagnosed with an overactive bladder and benign prostatic hypertrophy ["BPH"], which could be treated with medication (ECF No. 185 at 188), but which also could have interfered with the proper diagnosis of plaintiff's prostate cancer which was not diagnosed until 2013. But in any event, plaintiff does not adequately allege deliberate indifference based solely on an alleged failure to properly diagnose a medical condition, absent facts showing that a particular doctor knew the proper diagnosis yet disregarded an excessive risk to plaintiff's health and safety by choosing a course of treatment that was medically unacceptable under the circumstances. Plaintiff alleges no facts meeting this high standard.[fn 14]
>
> [FN 14: Plaintiff's Eighth Amendment claims based on his prostate cancer diagnosis are further complicated given the treatment options available to medical professionals: "watchful waiting, active surveillance, surgery, and radiation therapy." (ECF No. 15 at 206.) Plaintiff has chosen active surveillance rather than surgery or radiation therapy. (ECF No. 15 at 197.) "Harms of treatment include erectile dysfunction, urinary incontinence, bowel dysfunction, and a small risk for premature death." (ECF No. 15 at 206.)]

(ECF No. 19 at 30.)

VII. Conclusion

For all of the above reasons, defendant Dr. Chen's motion should be granted.

VIII. Request for Copy

Plaintiff filed a notice that due to the coronavirus, San Quentin went on lockdown, which prevented plaintiff from being able to make a photocopy of his opposition for his records. Good cause appearing, the Clerk of the Court is directed to send plaintiff a copy of his opposition.

////

////

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall send plaintiff a copy of his opposition (ECF No. 70).

Further, IT IS HEREBY RECOMMENDED that:

1. Defendant Dr. Chen's motion to dismiss (ECF No. 69) be granted; and

2. Plaintiff's claims against Dr. Chen be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **twenty-one** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2020

/john1313.mtd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE