UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON, | No. 2:15-cv-1313 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| E. NAKU, M.D., et al. | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. On August 19, 2020, plaintiff filed a request for clarification of the court's August 7, 2020 order requiring plaintiff to provide additional information for service of process on defendant Mahmoud. Plaintiff contends that the Ninth Circuit would not have appointed him pro bono counsel in his action against defendant Mahmoud "if there isn't any defendant." (ECF No. 86 at 2.) Plaintiff claims that the Orrick law firm took his case on January 11, 2019, so he's trying to figure out what the August 7, 2020 order means.

Court records for plaintiff's Appeal No. 20-16498 reflect that counsel was not appointed for plaintiff; rather, on August 19, 2020, plaintiff's August 5, 2020 appeal was dismissed for lack of jurisdiction. Johnson v. Mahmoud, No. 20-16498 (9th Cir.). The docket reflects that plaintiff's motion for appointment of pro bono counsel was docketed on August 21, 2020, but the docket entry also notes: "Deficiencies: Case closed." (Id.) The mandate has not yet issued.

1

1   Plaintiff filed two earlier appeals of this case in the Ninth Circuit. <u>Johnson v. Beard</u>, No.
2   19-16485 and No. 18-17201 (9th Cir.). Both of these prior appeals were also dismissed for lack
3   of jurisdiction; no pro bono counsel was appointed in either case.

4   Plaintiff did not provide a copy of a Ninth Circuit order appointing pro bono counsel.
5   Rather, he provided a copy of the Ninth Circuit's notice that plaintiff had filed an appeal on
6   August 5, 2020. Because his appeal was filed on August 5, 2020, it does not appear possible he
7   was appointed counsel on January 11, 2019, before his appeal was even filed. Perhaps plaintiff
8   was appointed counsel in a different case. No substitution of counsel for plaintiff has been filed
9   in this action.

10  In any event, to answer plaintiff's request for clarification concerning the August 7, 2020
11  order (ECF No. 81), the answer is yes, plaintiff is required to comply with such order. The
12  instant case is proceeding against four defendants, none of whom have yet answered. (ECF No.
13  55.) Defendant Chen was dismissed on July 28, 2020. Service of process has been executed on
14  defendants Naku and Collinsworth. But service of process on defendant Mahmoud was returned
15  unexecuted. Thus, plaintiff must comply with the August 7, 2020 order in order for the court to
16  serve process on defendant Mahmoud.

17  Accordingly, IT IS HEREBY ORDERED that plaintiff's request (ECF No. 86) is granted,
18  as set forth above.

19  Dated: August 24, 2020

21  /john1313.cla

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2