UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E NAKU, M.D., et al.,<br><br>　　　　Defendants. | No. 2:15-cv-01313-TLN-KJN<br><br>**ORDER** |

　　　　This matter is before the Court on Plaintiff Paul Johnson's ("Plaintiff") Motion for Reconsideration of the Court's July 28, 2020 Order (ECF No. 76). (ECF No. 96.) Also before the Court is Plaintiff's "Supplemental" Motion for Reconsideration. (ECF No. 99.) The Court considers the two filings together. No opposition was filed. For the reasons set forth below, Plaintiff's Motion is GRANTED in part and DENIED in part.

///
///
///
///
///
///
///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding *pro se*, initiated this civil rights action on June 19, 2015, seeking relief under 42 U.S.C. §1983 ("§ 1983"). (ECF No. 1.) Over the course of the past five years, the magistrate judge screened and dismissed the Complaint, First Amended Complaint ("FAC"), and Second Amended Complaint ("SAC") pursuant to 28 U.S.C. § 1915A(a). (ECF Nos. 7, 19, 44.) Plaintiff appealed the magistrate judge's screening orders of his FAC and SAC, and the Ninth Circuit dismissed each of those appeals for lack of jurisdiction. (*See* ECF Nos. 27, 30–31, 43, 46, 50–51.) During that time, Plaintiff also filed four separate motions to appoint counsel. (ECF Nos. 20, 22, 45, 52.) The magistrate judge denied each of these motions on the merits. (ECF Nos. 21, 23, 48, 53.)

On October 28, 2019, Plaintiff filed his Third Amended Complaint ("TAC"). (ECF No. 54.) Plaintiff also appears to make a request to appoint counsel in his TAC.[1] (*See id.* at 1.) This action is currently proceeding on Plaintiff's TAC against Defendants Naku, Chen, Collinsworth, and Mahoud for alleged violations of the Eighth Amendment. (*See* ECF No. 55 (Screening Order).)

On March 9, 2020, Chen filed a Motion to Dismiss, which Plaintiff opposed. (ECF Nos. 69–70.) On June 16, 2020, the magistrate judge issued Findings and Recommendations to grant Chen's Motion and dismiss all claims against Chen as barred under the statute of limitations and law of the case.[2] (ECF No. 72.) Plaintiff filed Objections to the Findings and Recommendations,

---

[1]   The full text of the caption for Plaintiff's TAC states "PLAINTIFF'S RESPONSE TO COURT ORDER July 12, 2019 THIRD AMENDED COMPLAINT. UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, § 1985, 1997., also APPOINTMENT OF COUNSEL 28 U.S.C. § 1915(a), and § 1 U.S.C. 3006(a)." (ECF No. 54 at 1.) However, Plaintiff does not appear to include any argument in this filing in support of his request to appoint counsel. (*See generally id.*)

[2]   Under the "law of the case" doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case. *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988) (citing *United States v. Maybusher*, 735 F.2d 366, 370 (9th Cir. 1984), *cert. denied*, 469 U.S. 1110 (1985)). There is a well-established exception, however, which allows re-examination when "controlling authority has made a contrary decision of law applicable to such issues." *Id.* (citing *Kimball v. Callahan*, 590 F.2d 768, 771–72 (9th Cir. 1979), *cert. denied*, 444 U.S. 826 (1979)).

2

in which he additionally asserts substantive arguments in support of his Motion for Appointment of Counsel.  (ECF No. 74.)  On July 28, 2020, the Court adopted the Findings and Recommendations in full and dismissed Chen from the action.  (ECF No. 76.)  The Court also denied Plaintiff's pending Motion for Appointment of Counsel.  (*Id.*)  On August 5, 2020, Plaintiff appealed the Court's July 28, 2020 Order.  (ECF No. 78; *see also* ECF No. 93 (supplement to Notice of Appeal).)  On November 12, 2020, the Ninth Circuit issued a Mandate and Order denying Plaintiff's third appeal to the extent it was construed as a motion for reconsideration of the Ninth Circuit's prior order and dismissing the appeal for lack of jurisdiction.  (ECF No. 100.)

In addition to appealing the Court's July 28, 2020 Order, Plaintiff also filed two Motions for Reconsideration.  (ECF Nos. 96, 99.)  The first motion disputes the dismissal of Plaintiff's claims against Chen on statute of limitations grounds and seeks reconsideration of the Court's denial of Plaintiff's Motion for Appointment of Counsel.  (ECF No. 96.)  The second motion, styled as a "Supplement" to the prior motion, identifies a recent Ninth Circuit decision for a separate civil rights action filed by Plaintiff in the Northern District of California, *Johnson v. Thuddy (Johnson I)*, No. 3:14-cv-04958-JST (N.D. Cal.),[3] which purportedly supports Plaintiff's pending arguments against dismissing Chen.  (ECF No. 99.)  The Court addresses the two filings together.

II.     **STANDARD OF LAW**

Under Federal Rule of Civil Procedure ("Rule") 60(b), the Court may provide relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

---

[3]   The Northern District Court refers to this case as "*Johnson v. Thuddy*," whereas the Ninth Circuit's Memorandum refers to the defendant of this same case as "Chudy."  The apparent reason for this discrepancy is that Plaintiff erroneously sued Chudy as "Thuddy" in his Northern District Complaint.  (*See* ECF No. 19 at 2 n.3.)

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). With respect to subsections (1), (2), and (3), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." *Id.* Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). However, subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988)).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009). Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Additionally, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

**III.   ANALYSIS**

   A.   Dismissal of Claims Against Defendant Chen

The Court granted Chen's Motion to Dismiss (ECF No. 69) on July 28, 2020, on the basis that Plaintiff's claims against Chen were barred under the statute of limitations and the law of the case. (ECF No. 76 (adopting in full ECF No. 72).) In moving for reconsideration of the

4

1  dismissals, Plaintiff submits a Ninth Circuit Memorandum issued on September 22, 2020, which
2  reverses the Northern District Court's dismissal of a defendant on similar statute of limitation
3  grounds in *Johnson I*. (*See* ECF No. 99 at 5–8 (citing *Johnson v. Chudy (Chudy)*, 822 Fed.
4  App'x. 637 (9th Cir. 2020)).)  The Ninth Circuit Memorandum is readily applicable to the instant
5  matter due to the similarity in claims and allegations between the two lawsuits.[4]  Moreover, the
6  Court finds Plaintiff did not delay in submitting the Ninth Circuit's Memorandum for
7  consideration.  Therefore, the Court finds this new legal authority and circumstances warrant
8  reconsideration under Rule 60(b)(2) and Local Rule 230(j).  Fed. R. Civ. P. 60(b)(2); E.D. Cal.
9  L.R. 230(j); *see also Richardson*, 841 F.2d at 996; *Kimball*, 590 F.2d at 771–72.

10       In *Johnson I*, Plaintiff alleged the defendant, Chudy, M.D., treated him for urological
11 symptoms in 2009.  *Chudy*, 822 Fed. App'x. at 638.  Plaintiff was diagnosed with prostate cancer
12 in 2013 and filed *Johnson I* in 2014.  *Id.*  The Northern District Court dismissed Plaintiff's claim
13 against Chudy as barred by California's four-year statute of limitations, finding the claim accrued
14 in 2009 when Plaintiff sought treatment from Chudy and was aware that his symptoms were not
15 appropriately treated.  *Id.*  On appeal, the Ninth Circuit found the district court erred in failing to
16 apply the discovery rule and dismissing Plaintiff's claims against Chudy as time-barred.  *Id.*
17 (citing *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("Under federal law, a claim
18 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the
19 action.")).  The court reasoned that, while Plaintiff was aware of his symptoms in 2009, he had no
20 reason to connect the symptoms to cancer at any point prior to his diagnosis in 2013, therefore he
21 could not have filed his lawsuit against Chudy prior to 2013.  *Id.* at 639.  Thus, construing the

---

[4] Specifically, the instant suit stems from the action Plaintiff initiated in the Northern District on December 9, 2014.  *See Johnson I*, 2015 WL 1792306, at *1 (N.D. Cal. Apr. 17, 2015) (screening order).  In *Johnson I*, Plaintiff's original complaint asserted sweeping deliberate indifference claims based on allegations that prison doctors from each of the various institutions at which he was housed from 2000 to 2014 delayed in diagnosing and treating Plaintiff's prostate cancer.  The Northern District Court dismissed Plaintiff's claims against the defendants who worked at prisons operating within the venue of the Eastern District without prejudice to Plaintiff filing an action in this District. (*See* ECF No. 19 at 1–2); *see also Johnson I*, 2015 WL 1792306, at *2.  Thereafter, Plaintiff initiated the instant action reasserting his deliberate indifference claims against the dismissed defendants, including Chen. (*See* ECF No. 19 at 2 n.2.)

1  diagnosis date as the date of discovery, the Ninth Circuit determined Plaintiff's claim against
2  Chudy did not run afoul of the statute of limitations and reversed the dismissal. *Id.*

3        This Court's dismissal of Plaintiff's claims against Chen is significantly similar to the
4  Northern District Court's dismissal of Chudy. In this action, Plaintiff alleges Chen ignored the
5  medical reports of Dr. Naku and the myriad symptoms Plaintiff was suffering that were contained
6  in his medical records, delayed in treating Plaintiff, and delayed in scheduling Plaintiff to see a
7  specialist. (ECF No. 54 at 4–5.) As a result, Plaintiff claims his prostate cancer was not
8  discovered until July 16, 2013. (*Id.* at 5–6.) In screening Plaintiff's FAC, the Court applied the
9  same reasoning used by the Northern District Court to determine Plaintiff's claims against Chen
10 accrued at the time that Chen treated him (between October 15, 2007 and May 27, 2009) and
11 were therefore time-barred.[5] (*See* ECF No. 19 at 17–18, 27–29 (citing *Johnson I*, 2017 US. Dist.
12 LEXIS 221179 (N.D. Cal. Jun. 28, 2017) (order granting motion to dismiss)[6].) This same
13 reasoning was utilized in the orders screening Plaintiff's SAC and TAC to determine that
14 Plaintiff's amended claims against Chen were also time-barred. (ECF No. 44 at 5 (citing
15 *Richardson*, 841 F.2d at 996); ECF No. 72 at 2–5.) In light of these case similarities and the
16 Ninth Circuit's ruling, reconsideration is appropriate.

17       Upon reconsideration, the Court adopts the discovery rule as applied by the Ninth Circuit
18 in *Chudy* to determine the accrual date of Plaintiff's claims against Chen. *See Chudy*, 822 Fed.
19 App'x. at 638. To the extent Plaintiff claims Chen's deliberate indifference resulted in Plaintiff
20 developing cancer and obtaining a late diagnosis, Plaintiff's claim accrued on July 16, 2013,
21 when Plaintiff was diagnosed with prostate cancer. (ECF No. 54 at 5); *Chudy*, 822 Fed. App'x. at
22 638–39; *see also Gregg v. Dep't of Public Safety*, 870 F.3d 833, 885 (9th Cir. 2017) (finding

---

[5] Under the mailbox rule, Plaintiff initiated this action on June 16, 2015. (*See* ECF No. 1 at 22); *see also Douglas v. Noelle*, 567 F.3d 1103, 1106–07 (9th Cir. 2009). The Court applied California's four-year statute of limitations for inmates raising personal injury actions under § 1983. (ECF No. 19 at 8 n. 6, 16, *adopted in full at* ECF No. 25.) Moreover, the Court additionally assumed without deciding that Plaintiff's claims against Chen related back to the Northern District complaint filed December 13, 2014, such that any claims accruing prior to December 13, 2010, were time-barred. (*See id.* at 8–9, 28, 30).)

[6] Westlaw citation not available.

1  Eighth Amendment deliberate indifference claim accrued when the plaintiff knew, or had reason
2  to know through reasonable diligence, that her psychological injuries were caused by defendants'
3  improper conduct in therapy, even sometime after therapy ended); *Bibeau v. Pac. Nw. Research*
4  *Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999), *opinion amended on denial of reh'g*, 208 F.3d
5  831 (9th Cir. 2000) (applying discovery rule in an Eighth Amendment action involving irradiation
6  experiments in prison, brought years after the experiments ended).  Based on this analysis, the
7  Court finds Plaintiff's claims against Chen do not run afoul of the statute of limitations, therefore
8  these claims may not be dismissed based on statute of limitations and law of the case grounds.
9  *See id.*

10  Nevertheless, the Court finds Plaintiff's claims against Chen were properly dismissed on
11  the basis that Plaintiff failed to allege sufficient facts to state a claim for deliberate indifference.
12  At most, Plaintiff alleges Chen misdiagnosed him, but this does not rise to the level of a
13  constitutional violation.  (*See* ECF No. 72 at 5–6); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th
14  Cir. 1996) (where alternative courses of treatment are available, plaintiff must show the course of
15  treatment chosen by the defendant was "medically unacceptable under the circumstances" and
16  "that [the defendant] chose this course in conscious disregard of an excessive risk to [the
17  plaintiff's] health."); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("mere
18  malpractice, or even gross negligence" is insufficient to establish an Eighth Amendment
19  violation).  As noted repeatedly in the orders screening Plaintiff's Complaint, FAC, and SAC,
20  Plaintiff does not allege facts showing how Chen failed to appropriately treat him, what steps
21  Chen should have taken, or that the course of treatment Chen chose was "medically unacceptable
22  under the circumstances."  (ECF No. 7 at 4, 7–9; ECF No. 19 at 6–8, 15–16, 25, 27–30; ECF No.
23  44 at 2–5, 9–11.)

24  Furthermore, despite receiving detailed analyses which identified these defects in his
25  pleadings as well as multiple opportunities to amend (*see id.*), Plaintiff did not cure the defects in
26  his claims against Chen.  Therefore, the June 16, 2020 Order's dismissal without leave to further
27  amend was appropriate.  *See Carnahan v. Seterus, Inc.*, 712 F. App'x 702, 704 (9th Cir. 2018)
28  (affirming dismissal with prejudice "given [the plaintiff's] repeated failure to cure deficiencies by

amendments previously allowed"); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (a court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended his complaint).

### B. Denial of Motion to Appoint Counsel

Unlike the Court's dismissal of Plaintiff's claims against Chen, Plaintiff does not provide any facts or argument to satisfy the provisions of Rule 60(b) with respect to the denial of his Motion for Appointment of Counsel. (ECF No. 54 at 1; ECF No. 74 at 1–2.) Indeed, Plaintiff does not present any newly discovered evidence, law, or circumstances to justify reconsideration. *Marlyn*, 571 F.3d at 880. As such, Plaintiff also fails to meet the requirements set forth under Local Rule 230. E.D. Cal. L.R. 230(j)(3)–(4).

Nor does Plaintiff contend the Court erred in denying his Motion for Appointment of Counsel. To the contrary, as the Court has noted, Plaintiff previously filed four other motions to appoint counsel, all of which were carefully considered and denied by the magistrate judge. (*See* ECF Nos. 20–23, 45, 48, 52–53.) Plaintiff's fifth motion did not raise any new arguments, nor did it establish any exceptional circumstances existed to warrant the appointment of counsel. Therefore, the motion was appropriately denied.

### IV. CONCLUSION

For the reasons discussed herein, Plaintiff's Motion for Reconsideration (ECF Nos. 96, 99) is hereby GRANTED in part and DENIED in part as follows:

1. The Court GRANTS reconsideration of the July 28, 2020 Order (ECF No. 76) with respect to the granting of Defendant Chen's Motion to Dismiss (ECF No. 69). Upon reconsideration, the Court reverses the dismissal on the basis that Plaintiff's claims against Chen were barred by the statute of limitations and the law of the case. However, the Court affirms the dismissal of Plaintiff's claims against Chen without leave to amend on the basis that Plaintiff fails to state a claim for deliberate indifference; and

2. The Court DENIES Plaintiff's Motion for Reconsideration (ECF Nos. 96, 99) with respect to the denial of his Motion for Appointment of Counsel.

1       IT IS SO ORDERED.

2 DATED: January 5, 2021

                                       Troy L. Nunley
                                       United States District Judge