UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>              Plaintiff,<br><br>       v.<br><br>J.A. BEARD, et al.,<br><br>              Defendants. | No.  2:15-cv-1313 KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed a 26 page document styled, "Third Amended Complaint Motion for Summary Judgment . . . ." (ECF No. 112.) On February 1, 2021, plaintiff filed a similarly-styled "Third Amended Complaint Motion for Summary Judgment . . ." which is only 22 pages long.  In order to amend his pleading again, plaintiff must file and serve a motion to amend along with his proposed amended pleading.  See Fed. R. Civ. P. 15(a)(2).   Here, plaintiff has amended his complaint multiple times, and defendant Chen filed a motion to dismiss on March 9, 2020.  Therefore, plaintiff may amend again only by leave of court or by written consent of the adverse parties.  See Fed. R. Civ. P. 15(a)(2).  Plaintiff did not file a motion to amend or a stipulation to amend the complaint signed by all parties.  Plaintiff's amended complaints are therefore stricken, and this action will proceed on the third amended complaint filed October 28, 2019.  (ECF No. 54.)  If plaintiff chooses to file a motion to amend, he must append the proposed fourth amended complaint he intends to pursue.

1

1    In addition, plaintiff is advised that a complaint is a pleading, and a motion for summary
2 judgment is a motion.  Thus, plaintiff should not include "motion for summary judgment" in the
3 title of any proposed amended complaint.  In any event, any motion for summary judgment is
4 premature at this time.  No answer has yet been filed, so the court has not yet issued its discovery
5 and scheduling order.  The scheduling order will provide information concerning the filing of a
6 summary judgment motion that complies with the court's local rules and Rule 56 of the Federal
7 Rules of Civil Procedure.

8    Because of the confusion resulting from plaintiff filing two different proposed amended
9 complaints that include exhibits, the Clerk of the Court is directed to return the original paper
10 copies of the proposed pleadings.  The Court retains the electronic copy of such filings

11    Finally, plaintiff requests that the court appoint counsel.  District courts lack authority to
12 require counsel to represent indigent prisoners in section 1983 cases.  <u>Mallard v. United States</u>
13 <u>Dist. Court</u>, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an
14 attorney to voluntarily represent such a plaintiff.  <u>See</u> 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>,
15 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir.
16 1990).  When determining whether "exceptional circumstances" exist, the court must consider
17 plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his
18 claims pro se in light of the complexity of the legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d
19 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).
20 The burden of demonstrating exceptional circumstances is on the plaintiff.  <u>Id.</u>  Circumstances
21 common to most prisoners, such as lack of legal education and limited law library access, do not
22 establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

23    Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to
24 meet his burden of demonstrating exceptional circumstances warranting the appointment of
25 counsel at this time.

26    Accordingly, IT IS HEREBY ORDERED that:

27    1. Plaintiff's proposed amended complaints (ECF Nos. 112, 113) are stricken.

28 ////

2

2. Plaintiff's motions for the appointment of counsel (ECF Nos. 112, 113) are denied without prejudice.

3. The Clerk of the Court is directed to return the original paper copies of the plaintiff's proposed amended complaints (ECF Nos. 112, 113) to plaintiff at his address of record.

Dated: February 2, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john1313.10c

3