UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BINOYE NAKU, M.D., et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1313 TLN KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se. A number of motions are pending, which this court addresses seriatim.

I. <u>Motion re Defendant's Name</u>

　　　　Plaintiff asks the court to revise the name of defendant Dr. Naku. Plaintiff states that Dr. Naku's first name is Binoye, which is confirmed by Dr. Naku's signature on his response to the court's order to show cause, "B. Naku." (ECF No. 94.) Therefore, plaintiff's motion is granted.

II. <u>Plaintiff's Motions for Summary Judgment</u>

　　　　Plaintiff filed two motions for summary judgment against defendant Chen. (ECF Nos. 126, 130.) However, plaintiff's claims against defendant Chen were dismissed on January 6, 2021 (ECF No. 106). Because plaintiff's claims against defendant Chen were dismissed, plaintiff may not seek summary judgment based on such claims. Plaintiff's motions were improperly filed naming a defendant against whom no claims remain pending; therefore, plaintiff's motions are

1

dismissed with prejudice.  The instant order is not dispositive of such claims because the district court's January 6, 2021 order disposed of plaintiff's claims against defendant Chen.

III. Plaintiff's Requests for Entry of Default

Initially, the undersigned observes that plaintiff seeks both entry of Clerk's default as well as default judgment.  However, plaintiff is advised that the Federal Rules of Civil Procedure provide a two-step process when a defendant fails to respond.  Fed. R. Civ. P. 55.  First, there must be an entry of default as provided by Rule 55(a).  Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend.  Fed. R. Civ. P. 55(a).  Once the clerk of the court enters default, only then may plaintiff move for default judgment.[1]  Federal Rule of Civil Procedure 55(b)(2) provides for a court-ordered default judgment after an entry of default under Federal Rule of Civil Procedure 55(a).  See Penpower Technology Ltd. v. SPC Technology, 627 F.Supp.2d 1083, 1088 (N.D. Cal. 2008).  Because clerk's defaults have not yet been entered, as required under Rule 55(a), plaintiff's motions for default judgment, included in his requests for default, are premature.

---

[1] "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)).  It is well-settled law that the grant or denial of a motion for the entry of a default judgment is within the discretion of the district court. Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956) (per curiam).  Plaintiff's motion for a default judgment must satisfy the standards set forth in Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).  In Eitel, the Ninth Circuit identified seven factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Id.  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys. Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  A plaintiff requesting default judgment is required to provide proof of all damages sought in the complaint.  The court may also exercise its discretion and require plaintiff to submit "evidence on some or all of the allegations in the complaint, in addition to receiving evidence on damages." Glenn v. Cole, 2010 WL 2303028, at *1 (E.D. Cal. June 7, 2010), adopted, 2010 WL 3746055 (E.D. Cal. Sept. 17, 2010).

Finally, before awarding a default judgment against a defendant, the court must determine the adequacy of service of process, as well as the court's jurisdiction over the subject matter and the parties. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

Therefore, plaintiff's motions for default judgment are denied without prejudice. If appropriate, plaintiff may file motions for default judgment after default is entered by the Clerk of Court.[2]

### A. Defendant Chen

Defendant Chen appeared in this action by filing a motion to dismiss. (ECF No. 69.) Thus, entry of default is inappropriate, and plaintiff's request (ECF No. 135) is denied. Moreover, as noted above, plaintiff's claims against defendant Chen were dismissed without leave to amend on January 6, 2021. (ECF No. 106.) Thus, plaintiff should refrain from filing any requests for default or any further dispositive motions as to defendant Chen.

### B. Defendant Mahmoud

On the other hand, defendant Mahmoud has not yet appeared in this action. Service of process was ordered on defendant Mahmoud's new address on March 11, 2021. (ECF No. 121.) However, the U.S. Marshal has not yet executed service of process on such defendant. Therefore, plaintiff's motion for entry of default as to defendant Mahmoud is premature, and is denied without prejudice.

### C. Defendant Collinsworth

Plaintiff renews his request for clerk's entry of default against defendant Collinsworth. On January 21, 2021, defendant Collinsworth was granted thirty days in which to file a responsive pleading. (ECF No. 110.) Thirty days have now passed, and defendant Collinsworth has not responded to the court's order or filed a responsive pleading. Therefore, plaintiff's renewed request for entry of clerk's default (ECF No. 135) is granted. The Clerk of the Court shall enter clerk's default as to defendant Collinsworth, and serve a copy of such default on defendant Collinsworth.

### D. Defendant Naku

Plaintiff also renews his request for clerk's entry of default against defendant Naku. On January 21, 2021, defendant Naku was granted thirty days in which to file a responsive pleading.

---

[2] Plaintiff may wish to delay re-filing a motion for default judgment pending service of process on defendant Mahmoud. Should defendant Mahmoud also fail to respond, plaintiff could move for default judgment as to all three defendants in one motion.

3

(ECF No. 110.) Thirty days have now passed, and defendant Naku has not responded to the court's order or filed a responsive pleading.

Although it appears from the file that defendant's copy of the order was returned, defendant Naku was properly served. Each party is responsible to keep the court apprised of his current address at all times.[3] Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. Defendant Naku was advised of such requirement in the court's order directing service of process which was served along with the summons and complaint. (ECF No. 66, ¶¶ 1, 14.)

Therefore, plaintiff's renewed request for entry of clerk's default (ECF No. 133) is granted. The Clerk of the Court shall enter clerk's default as to defendant Binoye Naku, and serve a copy of such default on defendant Naku.

E. Failure to Serve Copy of Court Filing

In two separate motions (ECF Nos. 117, 131), plaintiff properly objects that defendants Collinsworth and Naku failed to serve copies of their initial filings on plaintiff, and seeks copies of such filings. Good cause appearing, plaintiff's motions are granted, and the Clerk is directed to serve copies of the defendants' filings (ECF Nos. 94, 98) on plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 124) is granted; the Clerk of the Court is directed to change the name of defendant E. Naku to Binoye Naku.

2. Plaintiff's motions (ECF Nos. 126, 130) are dismissed with prejudice.

3. Plaintiff's request for entry of default as to defendant Chen (ECF No. 134) is denied.

4. Plaintiff's request for entry of default as to defendant Mahmoud (ECF No. 132) is denied without prejudice.

////

////

---

[3] The Medical Board of California Licensee Profile search page still reflects Dr. Naku's address as Quality Family Health Care, 1119 S. King Road, San Jose, CA 95122-2144, the address at which Dr. Naku has been served. Id., https://search.dca.ca.gov (visited April 23, 2021).

5. Plaintiff's request for entry of default as to defendant K. Collinsworth (ECF No. 135) is granted. The Clerk of the Court shall enter clerk's default as to defendant K. Collinsworth, and serve a copy of such default on defendant Collinsworth.

6. Plaintiff's request for entry of default (ECF No. 133) is granted. The Clerk of the Court shall enter clerk's default as to defendant Binoye Naku, and serve a copy of such default on defendant Naku.

7. Plaintiff's motions for default judgment are denied without prejudice.

8. Plaintiff's motions (ECF Nos. 117, 131) are granted, and the Clerk of the Court is directed to serve copies of the filings by defendants Collinsworth and Naku (ECF Nos. 94, 98) on plaintiff.

Dated:  April 26, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/john1313.mots