UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>E. NAKU, M.D., et al.,<br><br>　　　　　　Defendants. | No.  2:15-cv-1313 TLN KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se.  On June 4, 2021, defendant Dr. Mahmoud filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12.  Plaintiff did not oppose the motion.  Rather, on June 30, 2021, plaintiff filed a document styled, "Third Amended Complaint[,] Motion for Summary Judgment, and Demand for Jury Trial, Also Requesting Declaration for Appointment of Counsel."  (ECF No. 152.)  On July 15, 2021, defendant Mahmoud filed a motion to strike plaintiff's fourth amended complaint as improperly filed.  (ECF No. 154.)  As set forth below, the undersigned grants the motion to strike, and grants plaintiff an extension of time to file an opposition to the motion to dismiss.

　　　　Plaintiff's filing is improper and fails to address defendant's motion to dismiss.  First, plaintiff again failed to first seek leave to file an amended complaint.  (See ECF No. 114.)  Plaintiff amended his complaint multiple times, and defendant Mahmoud's motion to dismiss is pending.  In order to amend his pleading again, plaintiff must file and serve a motion to amend

1

along with his proposed amended pleading.  See Fed. R. Civ. P. 15(a)(2).  Thus, plaintiff may amend again only by leave of court or by written consent of the adverse parties.  See Fed. R. Civ. P. 15(a)(2).  Plaintiff did not file a motion to amend or a stipulation to amend the complaint signed by all parties.  Plaintiff's fourth amended complaint is stricken, and this action will proceed on the third amended complaint filed October 28, 2019.  (ECF No. 54.)

In addition, plaintiff's proposed pleading fails to address all of the defendants, focusing instead on defendant Dr. Mahmoud.  The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Second, although plaintiff includes "motion for summary judgment" and "request for appointment of counsel" in the title, the text of his filing fails to address either.  In addition, his "motion" fails to comply with Rule 56 of the Federal Rules of Civil Procedure and is premature in light of the procedural posture of this case.  At the appropriate time, the court will issue a discovery and scheduling order that will set deadlines for the filing of such a dispositive motion.

Third, because plaintiff's reference to "motion for summary judgment" and "request for appointment of counsel" are unsupported by facts, argument, or legal authorities, the court will direct the Clerk of Court to strike the entirety of plaintiff's June 30, 2021 filing (ECF No. 152).

Fourth, this is the second time plaintiff has filed an amended complaint without first seeking leave of court.  (See ECF No. 114.)  Plaintiff is cautioned that continued failure to comply with court orders may result in the imposition of sanctions, including a recommendation that this action be dismissed.  Fed. R. Civ. P. 41(b).

////

Finally, as to the pending motion to dismiss, plaintiff is advised of the following.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Id. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike (ECF No. 154) is granted.

2. The Clerk of the Court is directed to strike plaintiff's filing (ECF No. 152);

3. Within thirty days from the date of this order, plaintiff shall file an opposition, if any, to the motion to dismiss. Failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order. Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated: July 26, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1313.nop+