UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DAVID JOHNSON,

         Plaintiff,

    v.

J.A. BEARD, et al.,

         Defendants.

No.  2:15-cv-1313 TLN KJN P

ORDER AND FINDINGS AND
RECOMMENDATIONS

     Plaintiff is a state prisoner, proceeding pro se.  On July 22, 2021, plaintiff filed a document styled, "Motion to Schedule Inquest Hearing After Entry for Default Judgment Filed: May 17, 2021."  (ECF No. 155.)  Plaintiff notes that defendants Collinsworth and Naku failed to timely respond to the complaint, clerk's entry of default was entered, and plaintiff's motion for default judgment is pending.  Plaintiff asks the court to schedule an "inquest" hearing in order to resolve this matter.  (ECF No. 155 at 2.)

     As discussed below, plaintiff's request for hearing is denied.  The undersigned recommends that:  (a) his motion for default judgment be denied with prejudice as to defendant Collinsworth, and without prejudice as to defendant Naku; defendant Collinsworth's motion to set aside default be granted, and that he be granted an extension of time in which to file a responsive pleading.

////

1

1  **Request for "Inquest"**

2      First, plaintiff's reference to an "inquest" is not clear.  Plaintiff claims that this court was

3  required to "have the plaintiff in an inquest" within seven days from May 17, 2021, the date

4  plaintiff filed his motion for default judgment.  But plaintiff cites no authority supporting his

5  position, other than asking the undersigned to follow the Rules of Federal Civil Procedure.  (ECF

6  No. 155 at 2.)

7      Rule 55 governs the entry of default and default judgment.  Fed. R. Civ. P. 55.  However,

8  Rule 55 does not require this court to hold a hearing.  Id.  Rather, Rule 55(b)(2) states:

9          The court *may* conduct hearings or make referrals--preserving any
           federal statutory right to a jury trial--when, to enter or effectuate
10         judgment, it needs to:  (A) conduct an accounting; (B) determine
           the amount of damages; (C) establish the truth of any allegation by
11         evidence; or (D) investigate any other matter.

12  Fed. R. Civ. P. 55 (emphasis added).  In addition, the Eastern District's Local Rule 230(l)

13  provides that all motions filed by prisoners "shall be submitted upon the record without oral

14  argument unless otherwise ordered by the Court."  Id.  Plaintiff presents no facts demonstrating

15  that a hearing is required.  Therefore, plaintiff's motion for default judgment will be addressed on

16  the papers, as provided in Local Rule 230(l).

17  **Motion to Set Aside Clerk's Default/Motion for Default Judgment**

18      The motion to set aside the clerk's default was filed on May 5, 2021.  (ECF No. 140.)

19  Plaintiff moved for default judgment on May 17, 2021.  Plaintiff did not file an opposition to the

20  motion to set aside the default.  Defendant Collinsworth filed an opposition to the motion for

21  default judgment.  (ECF No. 150.)

22      **Motion for Default Judgment**

23      **Legal Standard**

24      As set forth above, Rule 55[1] governs the entry of default by the clerk and the subsequent

25  entry of default judgment by either the clerk or the district court.  "When a party against whom a

26  judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

27

28  [1] Citation to the "Rule(s)" are to the Federal Rule of Civil Procedure unless otherwise noted.

2

1   shown by affidavit or otherwise, the clerk must enter the party's default."  Rule 55(a).  Entry of

2   default judgment, either by the Clerk or the Court, requires that the moving party file an affidavit.

3   Rule 55(b)(1), (2).

4          In addition, "[i]f the party against whom a default judgment is sought has appeared

5   personally or by a representative, that party or its representative must be served with written

6   notice of the application at least 7 days before the hearing."  Rule 55(b)(2).

7          Obtaining a default judgment is a "two-step process," consisting of:  (1) seeking a clerk's

8   entry of default, and (2) filing a motion for the entry of default judgment.  See Eitel v. McCool,

9   782 F.2d 1470, 1471 (9th Cir. 1986); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d

10  922, 923 (9th Cir. 2009).

11                               **Analysis**

12         Plaintiff's motion for default judgment fails for several reasons.

13         First, plaintiff failed to sign his motion.  (ECF No. 114.)  Parties proceeding without

14  counsel are required to sign all pleadings, motions, and other papers submitted to the court for

15  filing.  Rule 11(a).  Usually the undersigned grants parties an extension of time in which to re-file

16  the motion bearing his or her signature.  However, as discussed next, because plaintiff did not

17  comply with Rule 55(b)(2), having plaintiff sign the instant motion is futile.

18         Second, plaintiff failed to provide a proof of service attesting to service of the motion on

19  defendant Naku, and failed to demonstrate timely service on counsel for defendant Collinsworth.

20  Because both defendants have appeared in the action, plaintiff was required to provide them at

21  least seven days' notice that he was seeking default judgment.  Rule 55(b)(2).  Plaintiff's proof of

22  service reflects service of process on the court, Office of the Attorney General, and himself, but

23  does not include defendant Naku.  As argued by defendant Collinsworth, plaintiff failed to

24  provide the required seven-day notice, plus three days for mailing, prior to filing the motion.

25  (ECF No. 150 at 4.)

26         Third, plaintiff failed to provide the required affidavit or declaration in support of his

27  motion.  Plaintiff refers to an "attached declaration," but no such declaration was appended as

28  ////

                                           3

1   required under Rule 55(b)(1).  Because plaintiff cannot obtain relief absent such declaration, the

2   undersigned does not address defendant's other arguments.

3        For all of the above reasons, plaintiff's motion for default judgment should be denied with

4   prejudice as to defendant Collinsworth, and without prejudice as to defendant Naku.

5        **Motion to Set Aside Clerk's Default**

6             **Legal Standard**

7        A court may set aside an entry of default for good cause.  Rule 55(c).  The party seeking

8   relief from the entry of default bears the burden of showing good cause to set aside the entry of

9   default.  See Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 926 (9th

10  Cir. 2004) (reviewing district court's set aside of default for abuse of discretion).  A court

11  considers three factors when examining good cause:  "(1) whether [the party seeking to set aside

12  the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no]

13  meritorious defense; or (3) whether reopening the default judgment would prejudice the other

14  party."  United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085,

15  1091 (9th Cir. 2010) (quoting Franchise Holding II, LLC, 375 F.3d at 925-26).

16       Under this disjunctive standard, "a finding that any one of these factors is true is sufficient

17  reason for the district court to refuse to set aside the default."  Brandt v. Am. Bankers Ins. Co.,

18  653 F.3d 1108, 1111 (9th Cir. 2011).  However, a court may within its discretion grant relief from

19  default even after finding one of the "good cause" factors to be true.  See, e.g., id. at 1112 ("A

20  district court may exercise its discretion to deny relief to a defaulting defendant based solely upon

21  a finding of defendant's culpability, *but need not.*") (emphasis added).  "The court's discretion is

22  especially broad where . . . it is entry of default that is being set aside, rather than a default

23  judgment."  O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994).  The factors are more

24  liberally applied with respect to a request to set aside the entry of default, because "there is no

25  interest in the finality of the judgment with which to contend."  Mesle, 615 F.3d at 1091 n.1.

26       Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the

27  entry of default is necessarily informed by the well-established policies favoring resolution of

28  cases on their merits and generally disfavoring default judgments.  See Mesle, 615 F.3d at 1091

4

("Crucially, . . . judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citations and quotation marks omitted); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible").  Moreover, the Ninth Circuit's "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation."  Mesle, 615 F.3d at 1089.

### A.  Culpable Conduct

Only intentional conduct is sufficiently culpable to deny a motion to set aside default. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir. 2001) ("[W]e have typically held that a defendant's conduct was culpable for purposes of the [Rule 55(c) or 60(b)] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."), overruled on other grounds by, Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147-50 (2001).

Defendant Collinsworth provided a sworn declaration stating that he does not recall receiving the January 21, 2021 order, or anything from the court since he wrote his initial letter. Collinsworth declares he has never been sued before and was unfamiliar with what he needed to do next.  In addition, he left the CDCR over ten years ago, and had not been in regular contact with CDCR or CCHCS.  Around March 26, 2021, he received a letter from CCHCS about the case.  That same day he contacted CCHCS by email, and since then has been preparing to respond by contacting his medical malpractice insurance carrier, and completing the necessary paperwork. The CDCR accepted tender of his defense on April 28, 2021, but by then, clerk's entry of default had been entered on April 27, 2021.  Defendant Collinsworth moved to set aside default eight days later.  He argues his prompt response supports setting aside the clerk's default.

In addition, defendant Collinsworth declares it was never his intention to evade this action or otherwise violate or fail to respond, and intends to defend against this action.  He points out that similar deliberate indifference claims were dismissed against defendant Chen, which supports Collinsworth's motion to set aside the clerk's default.  (ECF No. 140 at 8.)

1          **B. Meritorious Defense**

2          The movant "is required to make some showing of a meritorious defense as a prerequisite

3    to vacating an entry of default."  FOC Fin. Ltd. P'ship v. Nat'l City Commercial Capital Corp.,

4    612 F. Supp. 2d 1080, 1082-85 (D. Ariz. 2009) (citing Haw. Carpenters' Trust Funds v. Stone,

5    794 F.2d 508, 513 (9th Cir. 1986).  To satisfy the "some showing" standard, the movant

6    must "present specific facts that would constitute a defense."  FOC Fin. Ltd. P'ship, 612 F. Supp.

7    2d at 1082-85 (quoting TCI Group Life Ins. Plan, 244 F.3d at 700).

8          Defendant Collinsworth argues that plaintiff has failed to state a cognizable Eighth

9    Amendment claim against defendant Collinsworth.  In his view, the third amended complaint

10   suffers from the same pleading defects as plaintiff's prior pleadings, the conclusory allegations

11   fail to meet the pleading standards required by Rule 12(b)(6), and do not rise to the level of an

12   Eighth Amendment violation.  "Plaintiff's only allegations against Defendant Collinsworth

13   include a recitation of case law and his allegation that Defendant Collinsworth delayed

14   recommending or referring Plaintiff see a specialist, and this caused his health to deteriorate."

15   (ECF No. 54 at 5-6.)  Defendant contends plaintiff fails to allege how or when defendant treated

16   plaintiff, what plaintiff's condition was at the time, and how defendant's response was deliberate

17   indifference or delayed care.  (ECF No. 140 at 10.)  Such conclusory allegations lacking factual

18   support constitute an improper "'formulaic recitation of the elements of a constitutional claim.'"

19   (Id.) (citing Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).

20         Defendant denies he was deliberately indifferent (ECF No. 140 at 10.)  He cites to the

21   medical records appended to plaintiff's pleading and argues they demonstrates plaintiff was

22   receiving regular medical from a number of doctors and other medical staff while plaintiff was

23   housed at the same prison as defendant:

24                 For example, between 2005 and 2008, . . . [plaintiff] received a
                   number of medical appointments with doctors and nurses and
25                 several rounds of tests, including several PSA tests to determine his
                   level of prostate specific antigens. (ECF No. 54 at 26, 28-37, 40-
26                 42.) During that time, each of Plaintiff's tests for prostate cancer
                   showed that his prostate specific antigens were not out of range. (Id.
27                 at 32, 37.)

28   (ECF No. 140 at 10.)  Plaintiff's pleading does not contain medical records for 2009-2011, but

1   plaintiff received a consult from an outside physician and additional tests and appointments in

2   2013.  (ECF No. 54 at 49-52.)  Defendant argues that plaintiff's bare allegations constitute at

3   most a difference of opinion with his doctors, not deliberate indifference.[2]

4                              C. __Prejudice__

5        To prevent setting aside default, prejudice to a non-moving party "must result in greater

6   harm than simply delaying resolution of the case[,] [r]ather, the standard is whether [the

7   nonmovant's] ability to pursue his claim will be hindered."  FOC Fin. Ltd. P'ship., 612 F. Supp.

8   2d at 1082-85 (quoting TCI Group Life Ins. Plan, 244 F.3d at 701).  "[M]erely being forced to

9   litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment."

10  Id.

11       Defendant argues that plaintiff will not be prejudiced if entry of default is set aside

12  because plaintiff will merely be forced to litigate his case on the merits, which does not amount to

13  prejudice.  Moreover, one defendant has not yet appeared or been served, and the claims against

14  defendant Chen were dismissed.  In addition, discovery has not been opened in this case as to any

15  defendant or any claim.

16                              __Analysis__

17       Defendant Collinsworth has set forth specific facts relevant to a meritorious defense as

18  required by Rule 55(c), giving the court discretion to grant defendant's motion and set aside the

19  entry of default against him.  Defendant also provided evidence that his failure to timely respond

20  to the third amended complaint was the result of his lack of knowledge as to what steps to take

21  next, and that he did not receive the court's order.  Once he received the letter from CCHCS,

22  defendant diligently acted to retain counsel to defend against this case.  Although default was

23  entered before the process of representation could be completed, defendant promptly filed a

24  motion to set aside the default.  The record reflects no evidence that defendant willfully or

25  intentionally delayed his response.  In addition, another defendant has not yet been served,

26  another defendant's motion to dismiss is pending, and discovery has not yet been opened.  Thus,

27  ─────────────────

28  [2]  Defendant also contends that upon further investigation and discovery, plaintiff's claims may
    be barred by the statute of limitations.  (ECF No. 140 at 11 n.1.)

as argued by defendant, plaintiff will merely be forced to litigate his case on the merits, which does not amount to prejudice.

Taking all of the factors into consideration, the court finds that defendant has shown good cause to set aside the Clerk's entry of default.

**Request for Extension**

Now that counsel has been retained, defendant asks that if the request to set aside the default is granted, that he be granted a brief seven-day extension of time in which to file a responsive pleading.  Good cause appearing, the undersigned recommends that the request be granted.

**Orders and Recommendations**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for hearing (ECF No. 155) is denied.

Further, IT IS RECOMMENDED that:

1.  Plaintiff's motion for default judgment (ECF No. 144) be denied with prejudice as to defendant Collinsworth, and without prejudice as to defendant Naku.

2.  Defendant Collinsworth's motion to set aside clerk's default (ECF No. 140) be granted.

3.  The Clerk of the Court be directed to set aside the clerk's default, entered on April 27, 2021 (ECF No. 137).

4.  Within seven days from any district court order adopting these findings and recommendations, defendant Collinsworth shall file a responsive pleading.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

////

////

8

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  August 9, 2021

4

5                                                               _____
    /john1313.defj                                            KENDALL J. NEWMAN
6                                                              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28