UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J.A. BEARD, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-01313-TLN-KJN<br><br>**ORDER** |

Plaintiff is a state prisoner proceeding *pro se* in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the Court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the Court must consider the plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under *Palmer*, the Court finds that Plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff also filed a motion for extension of time to file objections to the findings and recommendations filed on August 9, 2021. The extension of time was handed to prison staff for mailing on September 29, 2021. The Court did not receive the request until October 4, 2021, and the District Court adopted the findings and recommendations on October 13, 2021. Because Plaintiff's motion for extension of time was timely filed, the October 13, 2021 order is vacated, and Plaintiff is granted thirty days from the date of this order in which to file objections.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 165) is denied without prejudice;

2. The October 13, 2021 order (ECF No. 166) is vacated;

3. Plaintiff's motion for an extension of time (ECF No. 165) is granted; and

4. Plaintiff is granted thirty days from the date of this order in which to file objections to the August 9, 2021 findings and recommendations.

Date:  October 19, 2021

Troy L. Nunley
United States District Judge