UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>             Plaintiff,<br><br>      v.<br><br>E. NAKU, M.D., et al.,<br><br>             Defendants. | No.  2:15-cv-1313 TLN KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel.  Defendant Mahmoud's fully-briefed motion to dismiss is before the court.  As set forth below, the undersigned recommends that the motion be granted.

I. Background

This action proceeds on plaintiff's third amended complaint.  (ECF No. 54.)  Plaintiff alleges that defendants E. Naku, M.D., Y.P. Chen, M.D., K. Collinsworth, M.D. and Mahmoud, M.D., were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.[1]  On January 6, 2021, the district court reconsidered its ruling on defendant Chen's

---

[1] The instant action derives from an action plaintiff initiated in the Northern District of California on December 9, 2014.  Johnson v. Thuddy, No. 3:14-cv-04958-JST (N.D. Cal. Apr. 17, 2015) ("Johnson I").  In Johnson I, plaintiff asserted broad deliberate indifference claims based on allegations that prison doctors working at various prisons where plaintiff was housed from 2000 to 2014 delayed in diagnosing and treating plaintiff's prostate cancer.  The Northern District Court dismissed plaintiff's Eighth Amendment medical claims against the nine defendants who

1

1    motion to dismiss in light of the Ninth Circuit's memorandum issued September 22, 2020,

2    reversing the Northern District Court's dismissal of a defendant on similar statute of limitation

3    grounds in Johnson I. (ECF No. 106 at 5, citing Johnson v. Chudy ("Chudy"), 822 Fed. App'x

4    637 (9th Cir. 2020).)² The district court found that "[t]he Ninth Circuit's memorandum is readily

5    applicable to the instant matter due to the similarity in claims and allegations between the two

6    lawsuits." (ECF No. 106 at 5; see also n.1 *supra*.)

7           In Chudy, the Ninth Circuit found that the Northern District court erred in failing to apply

8    the discovery rule and dismissing plaintiff's claims against Chudy as time-barred. 822 Fed.

9    App'x at 638. The appellate court "reasoned that, while plaintiff was aware of his symptoms in

10   2009, he had no reason to connect the symptoms to cancer at any point prior to his diagnosis in

11   2013." Id. at 639.

12          In this case, the district court adopted the discovery rule as applied by the Ninth Circuit in

13   Chudy, and found that plaintiff's claims that defendant Chen's deliberate indifference resulted in

14   plaintiff developing cancer and obtaining a late diagnosis accrued on July 16, 2013, when

15   plaintiff was diagnosed with prostate cancer. (ECF No. 106 at 6, citing ECF No. 54 at 5); Chudy,

16   822 Fed. App'x at 638-39. Despite the timeliness of plaintiff's claims against Dr. Chen, the

17   district court determined that such claims were properly dismissed because plaintiff failed to state

18   a claim for deliberate indifference, finding that "[a]t most, plaintiff alleges Chen misdiagnosed

19   him," which does not rise to the level of a constitutional violation. (ECF No. 106 at 7.)

20          On June 4, 2021, defendant Dr. Mahmoud filed a motion to dismiss based on two

21   grounds: the court's prior screening order denying plaintiff leave to amend as to Dr. Mahmoud;

22   and plaintiff's alleged failure to set forth sufficient facts to support a cognizable deliberate

23

---

24   provided medical care at prisons operating within the venue of the Eastern District without
     prejudice to plaintiff filing an action in this district. (See ECF No. 19 at 1-2); see also Johnson v.
25   Thuddy, 2015 WL 1792306, at *2 (9th Cir. 2015). Plaintiff subsequently filed the instant action
     reasserting his deliberate indifference claims against defendants. (See ECF No. 19 at 2 n.2.)
26

27   ² Plaintiff informed the Northern District court that Dr. Joseph Chudy was misidentified as Dr.
     Thuddy, and the court corrected its caption on May 3, 2016. Johnson I, Case No. 4:14-cv-04958
28   JST (docket entry No. 32).

1 | indifference claim under the Eighth Amendment. (ECF No. 148.) Following an extension of
2 | time, plaintiff filed an opposition on August 4, 2021. (ECF No. 157.) On August 6, 2021, Dr.
3 | Mahmoud filed a reply. (ECF No. 158.)

## II. Motion to Dismiss

### A. Legal Standards Governing Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)). Otherwise, the motion is treated as one for summary judgment. Id. There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-89.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

   B.   Eighth Amendment Standards

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted). Even gross negligence is insufficient to establish deliberate

indifference to serious medical needs. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To establish that a difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citation omitted), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

Rather, deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059. In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096; see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a case. Id.

C. Plaintiff's Claims

From July 6, 2005, through 2009, plaintiff was housed at California State Prison, Solano ("CSP-SOL"). Following housing at other prisons, plaintiff was again housed at CSP-SOL from September through December of 2012. (ECF No. 44 at 5 n.2.) Defendants Dr. Chen, Dr. Mahmoud, Dr. Naku, and Dr. Collinsworth provided medical care at CSP-SOL.

In the introduction of his pleading, plaintiff claims that while housed at High Desert State Prison he began to suffer unexplained symptoms, including stomach pain, bleeding, ulcers, urination problems, penile pain, and bloody stool.[3] Plaintiff states that he sought medical care, and was provided a urine test and provided a stool sample, but otherwise received no treatment for his symptoms and was offered no further reason to believe such symptoms might be serious. Over the next few years, plaintiff was transferred to other prisons, where he claims that the named defendants were deliberately indifferent by delaying access to proper medical care causing plaintiff's prostate cancer to worsen after years of going undetected. (ECF No. 54 at 1-2.)

Specifically as to Dr. Mahmoud, plaintiff alleges that the doctor knew about plaintiff's serious medical conditions yet delayed ordering a biopsy and treating plaintiff's symptoms as possible cancer. (ECF No. 54 at 3.) Dr. Mahmoud was aware of plaintiff's "priority medical needs: blood in urine, bleeding bowels, stomach pains, and the tenderness in plaintiff's penis." (ECF No. 54 at 4.) Plaintiff claims Dr. Mahmoud was plaintiff's primary care physician, and had he exercised due diligence, ordered a PSA test and taken plaintiff's complaints seriously, based on plaintiff's medical history available to medical personnel at CSP-SOL, plaintiff's prostate cancer would have been discovered without the six year delay, decreasing the likelihood of plaintiff's subsequent damage, severe pain and permanent disability. (Id.) Plaintiff claims that courts have found that the failure of doctors to diagnose cancer when the prisoner was in tremendous pain and lost weight satisfied the deliberate indifference standard. (ECF No. 54 at 4), citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Parzyck v. Prison Health Servs., Inc., 290 F. App'x 289, 291 (11th Cir. 2008). Plaintiff claims he only needs to show that Dr. Mahmoud "acted or failed to act despite his knowledge of a substantial risk of serious harm." (ECF No. 54 at 4.) Finally, plaintiff contends Dr. Mahmoud is liable based on his own culpable actions, his acquiescence in the delay, and for his conduct that showed a reckless and callous indifference toward plaintiff's serious medical needs. (Id.)

---

[3] Plaintiff was housed at High Desert State Prison from 2000 to 2005, and for a 32-day period in 2014. (ECF No. 19 at 9 n.7.)

Plaintiff again provides copies of multiple medical records and requests for medical care.[4] (ECF No. 54 at 25-55.)  The sole exhibit bearing Dr. Mahmoud's name is a document providing urine test results noting a "received date" of "10/13/05" and "Mahmoud" in the top center portion of the document, and noting certain results were "out of range":  serum creatinine (1.5 where range was 0.5 to 1.4), glucose (109, range 85-99), total cholesterol (224, range 200), and triglycerides (160, range 150).  (ECF No. 54 at 29; see also ECF No. 42 at 3.)

D. Discussion

1. Prior Screening Order

As noted by defendant, the court previously found that plaintiff's claims against defendants Dr. Chen, Dr. Mahmoud and Dr. Naku were barred by the statute of limitations because his pleading challenged medical care that took place from 2005 to 2007.  However, as noted above, the district court ruled that the discovery rule applies to plaintiff's claims concerning the deliberate indifference or delay in diagnosing his prostate cancer, which did not accrue until July 16, 2013, when plaintiff was diagnosed with prostate cancer.  (ECF No. 106.)  In light of the district court's order, the undersigned finds that the discovery rule also applies to plaintiff's claims against defendants Dr. Mahmoud, Dr. Collinsworth and Dr. Naku.  Because the preclusion order was related to the statute of limitations, the undersigned again considers plaintiff's substantive claims against Dr. Mahmoud included in the third amended complaint.

2. Subsequent Screening Order

Plaintiff objects that the undersigned already deemed plaintiff's third amended complaint appropriate when the court screened the third amended complaint and ordered service on Dr.

---

[4] Throughout this litigation, plaintiff has submitted multiple medical records and other documents in support of his pleadings.  (ECF No. 15 at 84-120; 168 (CSP-SOL) (appended to amended complaint); ECF No. 42 (separately submitted in support of second amended complaint); ECF No. 54 at 25-55 (appended to third amended complaint.)  No party has questioned the authenticity of such records.  The exhibits appended to his third amended complaint are part of plaintiff's pleading.  See Fed. R. Civ. P. 10(c).  To the extent the undersigned addresses other exhibits submitted by plaintiff, the court finds such exhibits to be incorporated by reference inasmuch as plaintiff's medical care forms the basis of this action.  See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

Mahmoud. (ECF No. 157 at 1-2.)

Plaintiff misconstrues the nature of the preliminary screening called for by 28 U.S.C. § 1915A. A court's determination, upon screening, that a complaint may state cognizable claims does not preclude a defendant from subsequently bringing a motion to dismiss one or more of those claims under Federal Rule of Civil Procedure 12(b)(6). See Norsworthy v. Beard, 87 F.Supp. 3d 1104, 1111 n. 4 (N.D. Cal. Mar. 31, 2015) ("The issuance of a screening order under the Prison Litigation Reform Act finding that [plaintiff] has stated a cognizable claim does not foreclose Defendants from moving to dismiss the complaint."); Teahan v. Wilhelm, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007) ("[T]he sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring."); James v. Perez, 2012 WL 5387676 (E.D. Cal. Nov. 1, 2012) ("To adopt [plaintiff]'s position [and hold that screening under 28 U.S.C. § 1915A precludes defendants from subsequently filing a Rule 12(b)(6) motion] would deprive [d]efendants of the basic procedural right to challenge the sufficiency of the pleadings."). Thus, plaintiff cannot rely solely on the court's screening as a basis for overcoming a Rule 12(b)(6) motion.

### 3. Alleged Deliberate Indifference

Despite multiple opportunities to amend, plaintiff again fails to allege sufficient facts to state a claim for deliberate indifference as to Dr. Mahmoud. As argued by defendant, plaintiff's allegations as to Dr. Mahmoud are conclusory. Plaintiff does not identify the time frame Dr. Mahmoud was plaintiff's primary care physician at CSP-SOL, but the medical records suggest it was in 2005.[5] Plaintiff claims Dr. Mahmoud was aware of plaintiff's "priority medical needs: blood in urine, bleeding bowels, stomach pains, and the tenderness in plaintiff's penis." (ECF No. 54 at 4.) But plaintiff fails to set forth specific facts evidencing such awareness. Plaintiff also fails to allege facts suggesting that such symptoms would make Dr. Mahmoud aware that plaintiff was in need of a biopsy or a PSA, or possibly had cancer. Moreover, even if Dr.

---

[5] The one exhibit referencing Dr. Mahmoud was lab results from samples collected on October 12, 2005. (ECF No. 54 at 29.) The remaining medical records from CSP-SOL reference Dr. Naku or Dr. Chen.

8

Mahmoud had ordered a PSA for plaintiff, medical records demonstrate that plaintiff's PSA levels while housed at CSP-SOL in 2006 and 2007 were "in range." (ECF No. 54 at 32, 37.) Even by June of 2013, following his transfer away from CSP-SOL, plaintiff's PSA was 1.8, again "in range."[6]

Plaintiff states his medical history was available to medical personnel at CSP-SOL, but the court cannot impute knowledge to Dr. Mahmoud based on plaintiff's generic reference to an availability of his medical history. Rather, as plaintiff was previously informed, he must set forth specific facts that demonstrate Dr. Mahmoud knew plaintiff faced a substantial risk of harm. Plaintiff has not done so.

Finally, plaintiff's reliance on the authorities from the Eleventh Circuit are also unavailing because the facts of those cases are distinguishable. For example, in McElligott, addressed at summary judgment, the plaintiff provided specific facts demonstrating that the doctor and nurse were both aware of the jail inmate's ongoing complaints of severe abdominal pain for five months, and presented with severe, acute, and increasing levels of stomach pain which escalated to vomiting, an inability to eat, and dramatic weight loss. 182 F.3d at 1255. Indeed, the jail inmate reported suffering months of burning abdominal pain before he was incarcerated at the jail. The doctor's treatment notes reflected he was "aware that [the jail inmate] was suffering from serious abdominal pain." Id. at 1256. Moreover, the doctor and nurse were aware that the jail inmate's condition was deteriorating, yet provided no medical care to treat him. Id. at 1259. The court held that "[a] jury could infer deliberate indifference from the fact that [defendants] knew the extent of [the jail inmate's] pain, knew that the course of treatment was largely ineffective, and declined to do anything more to attempt to improve [his] condition." Id. at 1257-58 (citation omitted).

Here, there are no facts demonstrating that Dr. Mahmoud knew of a serious condition or

---

[6] Medical records provided by plaintiff show his PSA levels were 1.67 (2002), 1.2 (2006), 1.6 (2007), 1.8 (June 2013), 2.6 (November 2013), and 3.3 (September 2014). (ECF No. 15 at 62, 95, 102, 106, 200, 197.) Such records also show that the reference range was less than or equal to 4.0 ng/mL. (Id.)

of circumstances clearly indicating such condition, which is required to demonstrate a defendant's deliberate indifference. Farmer, 511 U.S. at 837. The key factor in McElligott was the awareness of the doctor and nurse in conjunction with their disregard for the jail inmate's deteriorating and obviously serious medical condition. Id. at 1257-59. Yet despite such consistent failure to treat the jail inmate, the Eleventh Circuit held that the doctor and nurse could not be held liable for failing to diagnose the jail inmate's colon cancer, which could only be "deemed extremely negligent," not deliberate indifference. Id. at 1257.

Here, unlike in McElligott, plaintiff sets forth no facts evidencing a consistent failure to treat by Dr. Mahmoud or deliberate indifference to an obviously deteriorating medical condition. Absent allegations that Dr. Mahmoud was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that he actually "[drew] the inference," plaintiff's Eighth Amendment claim cannot survive. Farmer, 511 U.S. at 837. And, again, to the extent plaintiff contends Dr. Mahmoud misdiagnosed plaintiff, such contention does not rise to the level of a constitutional violation.

While it is unfortunate that plaintiff's prostate cancer was not diagnosed until 2013, plaintiff's third amended complaint does not contain sufficient facts to support his claim that Dr. Mahmoud was deliberately indifferent to plaintiff's serious medical needs. Therefore, the undersigned finds that Dr. Mahmoud's motion to dismiss should be granted.

### 4. Leave to Amend

Because plaintiff has been granted multiple opportunities to amend his pleading, it does not appear that plaintiff can amend his pleading to state a cognizable claim against Dr. Mahmoud. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009) ("where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") The undersigned finds it would be futile to grant further leave to amend.

////

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Dr. Mahmoud's motion to dismiss (ECF No. 148) be granted; and

2. Plaintiff's claims against Dr. Mahmoud are dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 11, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1313.mtd.mah