UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>J.A. BEARD, et al.,<br><br>Defendants. | No. 2:15-cv-01313-TLN-KJN<br><br>**ORDER** |

Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

While the Court was reviewing Plaintiff's motion for extension of time to file objections to the August 9, 2021 findings and recommendations, (ECF No. 165), Plaintiff filed objections, (ECF No. 168). Thereafter, Plaintiff's request for extension of time was granted, (ECF No. 169), and Plaintiff then filed a request for interlocutory appeal and other documents. On January 25, 2022, the Court adopted the August 9, 2021 findings and recommendations noting that no objections were filed after the extension of time was granted. (ECF No. 180.)

On February 8, 2022, Plaintiff filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking reconsideration due to the Court's failure to review his objections. (ECF No. 184.) Defendant Collinsworth opposes the motion, arguing that relief under 60(b) is not

appropriate; rather, the Court should amend its prior order and consider Plaintiff's objections. (ECF No. 195.)  Plaintiff filed a reply objecting to the setting aside of Defendant Collinsworth's default, and arguing that relief under Rule 60(b) is appropriate.  (ECF No. 200.)

## Legal Analysis

"The Court may grant reconsideration under either Federal Rule of Civil Procedure 59(e) or 60(b)."  *Johnson v. United States*, No. 2:19-cv-01561-TLN-JDP, 2022 WL 1524602, at *1 (E.D. Cal. May 13, 2022).

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to seek an order altering or amending the judgment. The Ninth Circuit has stated that "there are four basic grounds upon which a Rule 59(e) motion may be granted:  (1) if such a motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such a motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  Fed. R. Civ. P. 59(e).

Rule 60(b) provides that:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## Analysis

Plaintiff is advised that the failure to address his objections was inadvertent.  Good cause appearing, Plaintiff's motion is partially granted, and, upon reconsideration, the January 25, 2022 order is vacated.  Because the January 25, 2022 order is vacated, Defendant Collinsworth's motion to dismiss is denied without prejudice to renewal following this review of Plaintiff's objections.

The Court now considers Plaintiff's objections to the findings and recommendations.  On

1  August 9, 2021, the magistrate judge filed findings and recommendations herein which were
2  served on all parties and which contained notice to all parties that any objections to the findings
3  and recommendations were to be filed within twenty-one days.  (ECF No. 159.)  Following
4  extensions of time, Plaintiff filed objections to the findings and recommendations.  (ECF No.
5  168.)

6  Plaintiff vociferously objects to the setting aside of Defendant Collingsworth's default and
7  the denial of his requests for default judgment.  (ECF No. 168 at 2-4, 13-16, 22-24.)  However,
8  the Ninth Circuit has emphasized that "judgment by default is a drastic step appropriate only in
9  extreme circumstances; a case should, whenever possible, be decided on the merits." *United*
10 *States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)
11 (citations omitted).  Plaintiff renews his request for an "inquest" hearing, but the Court finds no
12 such hearing is required.

13  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
14 Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the
15 Court finds the findings and recommendations to be supported by the record and by proper
16 analysis.

17  In his objections, Plaintiff also sought the appointment of counsel.  District courts lack
18 authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v.*
19 *United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may
20 request an attorney to voluntarily represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1).  *Terrell*
21 *v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36
22 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must
23 consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to
24 articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v.*
25 *Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to
26 appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  *Id.*
27 Circumstances common to most prisoners, such as lack of legal education and limited law library
28 access, do not establish exceptional circumstances that warrant a request for voluntary assistance

of counsel.

Having considered the factors under *Palmer*, the Court finds that Plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 8, 2022 Motion, (ECF No. 184), is PARTIALLY GRANTED;

2. Upon reconsideration, the January 25, 2022 Order, (ECF No. 180), is VACATED;

3. Defendant Collinsworth's Motion to Dismiss, (ECF No. 182), is DENIED without prejudice;

4. Plaintiff's Motion for Appointment of Counsel, (ECF No. 168), is DENIED;

5. The Findings and Recommendations, (ECF No. 159), are adopted in full;

6. Plaintiff's Motion for Default Judgment, (ECF No. 144), is DENIED with prejudice as to Defendant K. Collinsworth, and without prejudice as to Defendant Binoye Naku;

7. Defendant Collinsworth's Motion to Set Aside Clerk's Default, (ECF No. 140), is GRANTED;

8. The Clerk of the Court is directed to set aside the clerk's default, entered on April 27, 2021, (ECF No. 137); and

9. Within seven days from the date of this Order, Defendant Collinsworth shall file a responsive pleading to the Third Amended Complaint, (ECF No. 54).

**DATED: July 18, 2022**

_____
Troy L. Nunley
United States District Judge