UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DAVID JOHNSON,

Plaintiff,

v.

J.A. BEARD, et al.,

Defendants.

No.  2:15-cv-1313 TLN KJN P

FINDINGS AND RECOMMENDATIONS

I.  Introduction

Plaintiff is a state prisoner, proceeding without counsel.  On December 11, 2019, the undersigned found that plaintiff's third amended complaint stated potentially cognizable Eighth Amendment claims for relief against defendants, including Dr. Collinsworth.  (ECF No. 55.) Defendant Dr. Collinsworth filed a motion to dismiss based on plaintiff's failure to state an Eighth Amendment claim for deliberate indifference to plaintiff's medical needs.  As set forth below, defendant Dr. Collinsworth's motion should be granted.

II.  Pertinent Procedural Background

As noted by defendant, this case has a long and complicated procedural history.  (ECF No. 207 at 3.)  Thus, only the pertinent history is provided.

On March 20, 2018, plaintiff was granted leave to amend certain claims, including his Eighth Amendment claim regarding medical care provided by defendant Collinsworth after

1

1   December 13, 2010.[1]  (ECF No. 19 at 39.)  The undersigned found that plaintiff's factual

2   allegations as to defendant Collinsworth did not demonstrate deliberate indifference; rather,

3   "providing medical care that falls below the standard of care is negligence, not deliberate

4   indifference."  (ECF No. 19 at 28.)  Further, plaintiff's "repeated conclusory statements that [Dr.

5   Collinsworth] failed to medically treat plaintiff are not supported by factual allegations," and his

6   argument that such doctor "neglected plaintiff or failed to properly diagnose plaintiff's medical

7   ailments," "are insufficient to state a cognizable civil rights claim."  (Id.)  On October 31, 2018,

8   the district court adopted the findings and recommendations in full.  (ECF No. 25.)

9        On April 19, 2019, plaintiff filed a second amended complaint.  (ECF Nos. 41 & 42

10  (exhibits).)  Such pleading was dismissed on July 12, 2019, and as to defendant Collinsworth, the

11  court noted its inability to determine whether Dr. Collinsworth failed to refer plaintiff to a

12  urologist in 2012 while plaintiff was housed at CSP-SOL.  (ECF No. 44 at 5.)  Plaintiff was

13  "granted leave to amend to include specific allegations, if he could, as to Dr. Collinsworth's

14  alleged deliberate indifference to plaintiff's serious medical needs while plaintiff was housed at

15  CSP-SOL in 2012."  (ECF No. 44 at 5-6.)  Plaintiff appealed the screening orders dismissing

16  plaintiff's first and second amended complaints; the appeals were dismissed for lack of

17  jurisdiction.  (ECF Nos. 27, 30-31, 43, 46, 50-51.)

18       On October 28, 2019, plaintiff filed a third amended complaint.  (ECF No. 54.)  The court

19  ordered the case to proceed against defendants Dr. E. Naku, Y.P. Chen, K. Collinsworth, and

20  Mahmoud for alleged Eighth Amendment violations.  (ECF No. 55.)  Defendant Chen moved to

21  dismiss, which was granted by the district court on July 28, 2020.  (ECF No. 76.)  On January 6,

22  2021, upon reconsideration, the district court adopted the discovery rule as applied by the Ninth

23  Circuit in plaintiff's case filed in the Northern District of California.[2]  (ECF No. 106 at 6.)  The

24

25  [1]  In his first amended complaint, plaintiff's specific factual allegations as to Dr. Collinsworth
    took place prior to June of 2008.  (ECF No. 19 at 28.)

26
27  [2]  See Johnson v. Chudy, 822 F. App'x 637 (9th Cir. 2020).  Following remand, defendant Chudy
    filed a motion for summary judgment on exhaustion grounds which was granted based on
    plaintiff's failure to properly exhaust his claims against defendant Chudy.  Johnson v. Chudy, No.
28  4:14-cv-4958 JST (N.D. Cal. July 1, 2022).

1   district court found that to the extent plaintiff claimed defendant Chen's deliberate indifference

2   resulted in a late diagnosis of plaintiff's prostate cancer, plaintiff's claims accrued on July 16,

3   2013, and therefore were not time-barred.  (ECF No. 106 at 7.)  But the district court then found

4   that plaintiff's claims against defendant Chen were properly dismissed because plaintiff's

5   allegation that defendant Chen misdiagnosed him did not rise to the level of a constitutional

6   violation.  (Id.)

7        Subsequently, the court found that the discovery rule also applied to plaintiff's claims

8   against Dr. Mahmoud, Dr. Collinsworth and Dr. Naku.  (ECF No. 179 at 7.)  The district court

9   then adopted, *inter alia*, the findings that plaintiff failed to set forth specific facts evidencing

10  defendant Mahmoud's awareness of plaintiff's alleged "priority medical needs," (ECF No. 179 at

11  8), and granted defendant Mahmoud's motion to dismiss.  (ECF No. 185.)

12       Although clerk's default was entered as to defendant Collinsworth, the district court

13  ultimately adopted the undersigned's recommendations that the default should be set aside and

14  plaintiff's motion for default judgment should be denied.  (ECF No. 206.)

15       On July 25, 2022, defendant Collinsworth renewed his motion to dismiss.  (ECF No. 207.)

16  Plaintiff filed an opposition.  (ECF No. 211.)  Defendant filed a reply.  (ECF No. 212.)

17  III.  Legal Standards for Motion to Dismiss

18       Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for

19  "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In

20  considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court

21  must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

22  (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v.

23  McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

24  1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more

25  than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a

26  cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

27  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

28  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

1   upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.

2   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3   draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556

4   U.S. at 678.

5        "As a general rule, a district court may not consider any material beyond the pleadings in

6   ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)

7   (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa

8   Clara, 307 F.3d 1119 (9th Cir. 2002).  There are two exceptions that prevent any extrinsic

9   evidence from converting the Rule 12(b)(6) motion into a summary judgment motion; materials

10  which are properly submitted as part of the complaint or "matters of public record" which may be

11  judicially noticed.  Id. at 688-89.  "If the documents are not physically attached to the complaint,

12  they may be considered if the documents' "'authenticity . . . is not contested' and 'the plaintiff's

13  complaint necessarily relies' on them.'" Id. at 688 (quoting Parrino v. FHP, Inc., 146 F.3d 699,

14  705-06 (9th Cir. 1998).

15       "A court may dismiss a complaint only if it is clear that no relief could be granted under

16  any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding,

17  467 U.S. 69, 73 (1984).  In general, pro se pleadings are held to less stringent standards than those

18  drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  The court has an

19  obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th

20  Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not

21  supply essential elements of the claim that were not pled.  Ivey v. Board of Regents of Univ. of

22  Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

23  IV.  Plaintiff's Pertinent Claims in Third Amended Complaint

24       Defendants Dr. Chen, Dr. Mahmoud, and Dr. Naku, provided medical care at CSP-SOL.

25  Dr. Collinsworth was Chief Medical Officer at CSP-SOL.  (ECF No. 54 at 6.)

26       In the introduction of his operative pleading, plaintiff claims that while housed at High

27  Desert State Prison he began to suffer unexplained symptoms, including stomach pain, bleeding,

28  ////

4

1    ulcers, urination problems, penile pain, and bloody stool.[3]  Plaintiff states that he sought medical

2    care, and was provided a urine test and he provided a stool sample, but otherwise received no

3    treatment for his symptoms and was offered no further reason to believe such symptoms might be

4    serious.  Over the next few years, plaintiff was transferred to other prisons, where he claims that

5    the named defendants were deliberately indifferent by delaying access to proper medical care

6    causing plaintiff's prostate cancer to worsen after years of going undetected.  (ECF No. 54 at 1-

7    2.)

8           Plaintiff alleges that his pain and suffering has been chronologically documented and read

9    into the record as material facts, dating back to 2000 to the present.  (ECF No. 54 at 6.)  As to

10   defendant Collinsworth, M.D., plaintiff avers that Collinsworth was deliberately indifferent to

11   plaintiff's serious medical needs by his delay in not recommending that plaintiff be seen by a

12   urologist, as plaintiff's conditions worsened and his health deteriorated, while hopes for treating

13   his prostate dimmed.  (ECF No. 54 at 6.)  Plaintiff claims defendant Collinsworth knew plaintiff

14   was high risk and required emergency medical treatment based on all the symptoms plaintiff was

15   experiencing, and the fact that the risk was obvious.

16          It was not until July 15, 2013, that plaintiff was transferred to Doctor's Hospital for a

17   prostate biopsy and three days later plaintiff was informed by the pathologist that plaintiff was

18   suffering from prostate cancer.  (ECF No. 54 at 6.)  Plaintiff contends that defendant Collinsworth

19   had the opportunity to review plaintiff's medical records and make a medically determined

20   decision, prioritizing plaintiff's medical needs and the seriousness of his injury.  (ECF No. 54 at

21   7.)  Instead, plaintiff contends that defendant failed to acknowledge the seriousness of plaintiff's

22   symptoms along with his elevated PSA test and other testing in assessing plaintiff's medical need.

23   (Id.)

24   ////

25   ////

26

27   _____

     [3]  Plaintiff was housed at High Desert State Prison from 2000 to 2005, and for a 32-day period in
     2014.  (ECF No. 19 at 9 n.7.)

28

1   Plaintiff again provides copies of multiple medical records and requests for medical care.[4]

2   (ECF No. 54 at 25-55.)

3   V.  Discussion

4   Because the district court found that the discovery rule applies, the court reviews

5   plaintiff's allegations arising during his housing at CSP-SOL from July 6, 2005, through 2009,

6   and from September through December of 2012.  To the extent plaintiff claims defendant

7   Collinsworth's deliberate indifference resulted in plaintiff developing cancer and obtaining a late

8   diagnosis, plaintiff's claim accrued on July 16, 2013, when plaintiff was diagnosed with prostate

9   cancer.  (ECF No. 54 at 5-6.)

10   Defendant contends that plaintiff's pleading fails to remedy the defects identified in the

11   first three versions of his complaint because the third amended complaint does not include

12   specific allegations showing how and when defendant Collinsworth was deliberately indifferent,

13   including even less facts than plaintiff included as to defendant Chen.

14   Eighth Amendment Standards

15   The treatment a prisoner receives while incarcerated and the conditions of his confinement

16   are subject to the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31 (1993); see also

17   DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 198-200 (1989).  A prison

18   official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious

19

20   [4]  Throughout this litigation, plaintiff has submitted multiple medical records and other
     documents in support of his pleadings. (ECF No. 15 at 84-120; 168 (CSP-SOL) (appended to

21   amended complaint); ECF No. 42 (separately submitted in support of second amended
     complaint); ECF No. 54 at 25-55 (appended to third amended complaint).  No party has

22   questioned the authenticity of such records.  As set forth above, generally, a court must look no
     further than the face of the complaint in evaluating a motion to dismiss, but when a plaintiff has

23   attached exhibits to the complaint, the court may consider them in deciding the motion.  Swartz v.
     KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Schneider v. California Department of

24   Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998).  Accordingly, exhibits appended to his third
     amended complaint are part of plaintiff's pleading.  See Fed. R. Civ. P. 10(c).  To the extent the

25   undersigned addresses other exhibits submitted by plaintiff, the court finds such exhibits to be
     incorporated by reference inasmuch as plaintiff's medical care forms the basis of this action.  See

26   United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached

27   to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers
     extensively to the document or the document forms the basis of the plaintiff's claim.").

28

medical needs of an inmate.  See Farmer v. Brennan, 511 U.S. 825, 828 (1994); Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976) ("This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). The Eighth Amendment's deliberate indifference standard is a "high legal standard."  See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  To state a claim, the prisoner must show that (1) objectively, the prison official's deprivation was sufficiently serious, and (2) subjectively, the prison official acted with sufficiently culpable state of mind. See Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 298-99.

To meet the objective standard, the plaintiff must show that the medical need is serious. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (citation omitted), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  If a prisoner establishes the existence of a serious medical need, he must also meet the subjective standard, showing that prison officials responded to the serious medical need with deliberate indifference.  Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or in the way prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi, 391 F.3d at 1060; see also Hallett v. Morgan, 296 F.3d 732, 744-45 (9th Cir. 2002).

Discussion

Plaintiff initially objects that defendant Collinsworth defaulted; however, the district court set aside the clerk's entry of default and granted defendant seven days to file a responsive pleading.  (ECF No. 206.)  On July 25, 2022, defendant Collinsworth timely filed a motion to dismiss.  (ECF No. 207.)  Thus, plaintiff's objection is overruled.

////

7

1    Plaintiff argues that the court found that plaintiff stated an Eighth Amendment

2    constitutional claim.[5]  (ECF No. 211 at 4, 9 (Pl. Opp'n); 161-67.)  However, he misconstrues the

3    nature of the preliminary screening called for by 28 U.S.C. § 1915A.  A court's determination,

4    upon screening, that a complaint may state cognizable claims does not preclude a defendant from

5    subsequently bringing a motion to dismiss one or more of those claims under Federal Rule of

6    Civil Procedure 12(b)(6).  See Norsworthy v. Beard, 87 F.Supp.3d 1104, 1111 n.4 (N.D. Cal.

7    Mar. 31, 2015) ("The issuance of a screening order under the Prison Litigation Reform Act

8    finding that [plaintiff] has stated a cognizable claim does not foreclose Defendants from moving

9    to dismiss the complaint."); Teahan v. Wilhelm, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007)

10   ("[T]he sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any

11   subsequent Rule 12(b)(6) motion that the defendant may choose to bring."); James v. Perez, 2012

12   WL 5387676 (E.D. Cal. Nov. 1, 2012) ("To adopt [plaintiff]'s position [and hold that screening

13   under 28 U.S.C. § 1915A precludes defendants from subsequently filing a Rule 12(b)(6) motion]

14   would deprive [d]efendants of the basic procedural right to challenge the sufficiency of the

15   pleadings.").  Therefore, plaintiff cannot rely solely on the court's screening as a basis for

16   overcoming a Rule 12(b)(6) motion.

17    In his opposition, plaintiff contends that his pleading does not allege that Collinsworth

18   treated any of plaintiff's many symptoms, pain and suffering, but rather complains about the

19   delays and "untreatments [sic] that were so inadequate it lead to this lawsuit," and plaintiff "could

20   not provide dates of being treated because he was never treated."  (ECF No. 211 at 6.)  Plaintiff

21   avers that defendant Collinsworth, as Chief Medical Officer, knew plaintiff's medical history,

22   because that was part of his job description.  Plaintiff contends that just because his PSA result

23

24   [5] Plaintiff also objects that defendants failed to respond to the February 23, 2016 order.  (ECF
     No. 211 at 3.)  However, the court docket does not reflect that an order issued on February 23,
25   2016.  Moreover, no discovery and scheduling order has yet issued in this case because multiple
     motions to dismiss have been filed and granted, and one remains pending.  Although plaintiff
26   claims that the deadline for filing dispositive motions was due no later than March 29, 2016 (ECF
     No. 211 at 3), such order was issued by the judge assigned plaintiff's case in the Northern District
27   of California, not the instant action.  (See ECF No. 211 at 51 (Pl.'s Ex. C) (Order issued in
     Johnson v. Thuddy, Case No. 4:14-cv-04958 JST (N.D. Cal. Feb. 24, 2016).).
28

1   fell within normal limits does not mean plaintiff did not need to be seen by an outside doctor.

2   Five doctors and two chief medical officers knew better and each one delayed plaintiff's

3   treatment and diagnosis, and allowed plaintiff to suffer pain and eventually caused the

4   deterioration of his prostate glands.  (ECF No. 211 at 7.)  He avers that each of these doctors had

5   an opportunity to send plaintiff to a specialist but chose not to.  He alleges that none of these

6   doctors took sufficient steps to find out why plaintiff's PSA was "in range," or why plaintiff was

7   suffering the symptoms he displayed.  (ECF No. 211 at 8.)  Plaintiff also adds that he has

8   multiple family members who had cancer, including his grandfather who died of prostate cancer

9   in 1948.  (ECF No. 211 at 7.)

10          However, such general and conclusory allegations are insufficient to demonstrate

11   defendant Collinsworth's culpability.  Plaintiff is correct that delays in providing medical care

12   may manifest deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  But

13   plaintiff has again failed to allege specific facts connecting defendant Collinsworth to plaintiff's

14   medical care or lack thereof.  Rather, plaintiff attempts to hold Collinsworth responsible based

15   solely on his role as chief medical officer.

16          To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal

17   constitutional or statutory right; and (2) that the violation was committed by a person acting under

18   the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

19   930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the

20   facts establish the defendant's personal involvement in the constitutional deprivation or a causal

21   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

22   See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44

23   (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

24   for the unconstitutional conduct of his or her subordinates.  Iqbal, 556 U.S. at 679.  The requisite

25   causal connection between a supervisor's wrongful conduct and the violation of the prisoner's

26   constitutional rights can be established in a number of ways, including by demonstrating that a

27   supervisor's own culpable action or inaction in the training, supervision, or control of his

28   subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

1        Here, as argued by defendant, plaintiff provides no facts showing Collinsworth's personal

2  involvement or a causal connection between the alleged delay in care and defendant

3  Collinsworth's position as chief medical officer.  Plaintiff appears to suggest that Collinsworth

4  would be aware of plaintiff's myriad symptoms based on plaintiff's medical record.  But plaintiff

5  points to no specific incident where Collinsworth would have been called upon to review

6  plaintiff's medical records, or even suggest a context in which that occurred, if it did.  Plaintiff

7  sets forth no facts as to when or how defendant Collinsworth treated him, or failed to treat him, or

8  what plaintiff's condition was at that time.  Despite multiple opportunities to amend, plaintiff sets

9  forth no allegations showing that defendant Collinsworth was aware of facts that would have put

10  him on notice that plaintiff needed a referral to a specialist, or that the tests and follow-up

11  appointments plaintiff was receiving were medically unacceptable.  See Jackson v. McIntosh, 90

12  F.3d 330, 332 (9th Cir. 1996) (where alternative courses of treatment are available, plaintiff must

13  show the course of treatment chosen by the defendant was "medically unacceptable under the

14  circumstances" and "that [the defendant] chose this course in conscious disregard of an excessive

15  risk to [the plaintiff's] health."); McGuckin, 974 F.2d at 1060 (mere negligence in diagnosing or

16  treating a medical condition, without more, does not violate a prisoner's Eighth Amendment

17  rights.); see also Gonzalez v. Lam, 2020 WL 5094835, at *9 (N.D. Cal. Aug. 28, 2020), aff'd,

18  2021 WL 6102093 (9th Cir. Dec. 22, 2021) ("Even if Plaintiff should have received different

19  treatment for his medical needs, a difference of opinion as to the urgency and treatment of his

20  medical needs is insufficient, as a matter of law"); Martin v. Roche, 2009 WL 32635 (C.D. Cal.

21  Jan.5, 2009) (disputes over the proper course of medical treatment cannot form the basis of a

22  deliberate indifference claim).

23        Plaintiff's conclusory allegations that he was provided no medical treatment are also

24  refuted by the myriad medical records plaintiff has submitted in this action.[6]  See, e.g., ECF No.

---

[6]  As the court noted in a prior screening order, plaintiff was provided a PSA test, and results were
consistently in range.  "Even by June of 2013, following his transfer away from CSP-SOL,
plaintiff's PSA was 1.8, again 'in range.'"  Johnson v. Naku, 2022 WL 104281, at *5 (E.D. Cal.
Jan. 11, 2022), report and recommendation adopted, 2022 WL 493139 (E.D. Cal. Feb. 17, 2022).
"Medical records provided by plaintiff show his PSA levels were 1.67 (2002), 1.2 (2006), 1.6
(2007), 1.8 (June 2013), 2.6 (November 2013), and 3.3 (September 2014). (ECF No. 15 at 62, 95,

1   19) (screening amended complaint).[7]  In his opposition to the instant motion, plaintiff refers

2   generally to his medical records, and also to his Exhibit F.[8]  It appears that defendant

3   Collinsworth ordered various lab tests, including a PSA test (which was 1.6), on or about

4   December 30, 2008.  (ECF No. 211 at 146-48; see also ECF Nos. 15 at 114-16; 19 at 28.).  But

5   plaintiff provides no context for how defendant Collinsworth came to order such tests.  Thus, the

6   court cannot evaluate defendant's culpability in connection therewith.  If a prisoner establishes

7   the existence of a serious medical need, he must also meet the subjective standard, showing that

8   prison officials responded to the serious medical need with deliberate indifference.  Farmer, 511

9   U.S. at 834. "[T]he official must both be aware of facts from which the inference could be drawn

10  that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

11  That defendant Collinsworth ordered lab tests on one occasion, standing alone, does not

12  demonstrate defendant Collinsworth's alleged deliberate indifference or demonstrate that he

13  should have referred plaintiff to a specialist,[9] or intentionally delayed such referral.  After Iqbal,

14  plaintiff is required to provide specific facts from which the court can find the defendant acted

15

16  _____

17  102, 106, 200, 197.)  Such records also show that the reference range was less than or equal to 4.0
    ng/mL."  Id., 2022 WL 104281 at *5 n.6.

18  [7] "Review of plaintiff's amended complaint in its entirety demonstrates that plaintiff had multiple
19  medical issues, and while housed at DVI, was diagnosed with an overactive bladder and benign
    prostatic hypertrophy ["BPH"], which could be treated with medication (ECF No. 185 at 188),
20  but which also could have interfered with the proper diagnosis of plaintiff's prostate cancer which
    was not diagnosed until 2013."  Id.

21  [8] Plaintiff appended two exhibits marked Exhibit F.  The first Exhibit F contains medical records.
22  (ECF No. 211 at 128-60.)  The second Exhibit F contains court orders from 2021.  (ECF No. 211
    at 161-67.)

23
24  [9] Plaintiff subsequently received an outside consult on December 31, 2012.  (ECF No. 54 at 49.)
    Dr. Bretan, a urologist, charted an initial impression that plaintiff had benign prostatic
25  hypertrophy, on medications that may be inadequate; he continues to complain of low force urine;
    and overactive bladder secondary to benign prostatic hypertrophy.  (ECF No. 54 at 49.) Dr.
26  Bretan adjusted plaintiff's medications and ordered a follow-up telemedicine appointment in one
    week to check symptoms and lab follow-up "consisting of sonogram of bladder and kidney
27  checking postvoid residue."  (Id.)  Thus, even the specialist initially opted to treat plaintiff's
    benign prostatic hypertrophy.  Absent facts demonstrating defendant Collinsworth's involvement
28  with plaintiff, the court is unable to determine Collingsworth was deliberately indifferent.

1  with a culpable state of mind, particularly where plaintiff alleges defendant was chief medical

2  officer, not plaintiff's primary care physician.  Moreover, that defendant Collinsworth ordered

3  various lab tests belies plaintiff's claim that defendant Collinsworth provided no medical

4  treatment.

5         Further, plaintiff's new contention that he has a family history of cancer is unavailing.

6  Plaintiff did not include such claim in his third amended complaint.  Thus, as argued by

7  defendant, the court cannot consider it.  Schneider v. California Dep't of Corr., 151 F.3d 1194,

8  1197 (9th Cir. 1998).  Plaintiff fails to allege facts showing that defendant Collinsworth was

9  aware of such family history.  Moreover, it would be futile to grant plaintiff leave to amend to

10  include such claim because the medical record provided by plaintiff suggests that Collinsworth

11  was not aware:  urologist Dr. Bretan noted there was "no prostate cancer in plaintiff's family, but

12  plaintiff had two sisters with breast cancer."  (ECF No. 54 at 49.)

13         Finally, plaintiff was previously advised of the importance of alleging specific facts that

14  demonstrate deliberate indifference by each defendant.  (See, e.g., ECF Nos. 7 at 7-12; 19 at 3-4,

15  15-16, 37-38; 44 at 9.)  Given defendant Collinsworth's role as chief medical officer, such factual

16  allegations are critical to establish plaintiff can state a cognizable Eight Amendment claim that

17  defendant was deliberately indifferent to plaintiff's serious medical needs.  Plaintiff has failed to

18  provide such facts.

19         For all of the above reasons, defendant's motion to dismiss should be granted.

20  VI.  Unauthorized Sur-reply

21         On September 6, 2022, plaintiff filed an opposition to defendant's reply, which is his

22  attempt to file a sur-reply without prior leave of court.

23         Parties do not have the right to file sur-replies and motions are deemed submitted when

24  the time to reply has expired.  Local Rule 230(l).  The Court generally views motions for leave to

25  file a sur-reply with disfavor.  Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing

26  Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).

27  Nevertheless, the undersigned does not believe striking the sur-reply is appropriate here,

28  considering plaintiff's pro se status.  See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir.

1    2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro

2    se litigants, especially when they are civil rights claims by inmates.  This rule relieves pro se

3    litigants from the strict application of procedural rules. . . .") (citations omitted); and Turner v.

4    Admin. Sec. Personell [sic], 2017 WL 4387326, at *1 (E.D. Cal. Oct. 3, 2017) ("district courts

5    have the discretion to either permit or preclude a surreply.")  Thus, while no new arguments were

6    raised in defendant's reply, in this instance the court exercises its discretion and considers the sur-

7    reply in ruling on the motion to dismiss because of the nature of plaintiff's Eighth Amendment

8    claims, as well as his pro se status.

9        In his sur-reply, plaintiff again argues that the court screened plaintiff's claims against

10   defendant Collinsworth and ordered service of process by the U.S. Marshal.  (ECF No. 213 at 1-

11   2.)  Plaintiff contends defendant's deadline to file a motion to dismiss expired "long ago" and

12   defendant failed to answer or file a responsive pleading.  (Id. at 3.)  However, because plaintiff

13   filed a third amended complaint, defendant was entitled to bring a motion to dismiss under Rule

14   12(b)(6), despite the court's screening order, as discussed above, and the motion was timely-filed.

15   Id.  Thus, plaintiff's position is unavailing.

16       Plaintiff again argues that dismissal of his claims in this action have been prejudicial and

17   erroneous based on the decision by the Court of Appeals for the Ninth Circuit in Johnson v.

18   Thuddy, Case No. 3:14-cv-04958 JST (N.D. Cal. Sept. 22, 2020) (Pl.'s Ex. A) (ECF No. 213 at 6-

19   9.)  In Thuddy, the appellate court found that plaintiff's claim did not accrue until plaintiff's

20   prostate cancer was discovered and diagnosed in 2013, and therefore it was error to dismiss

21   plaintiff's claim on the ground of the statute of limitations.  (ECF No. 213 at 9.)  However, in this

22   court, such error was rectified when the district court ruled that the discovery rule applies in this

23   case (ECF No. 106), and by order filed January 11, 2022, the parties were informed that the

24   discovery rule of accrual also applies to plaintiff's claims against defendant Collinsworth, among

25   others (ECF No. 179 at 7).  Thus, the timeliness of plaintiff's claims is not at issue here.  Rather,

26   the issue is whether plaintiff sufficiently plead facts demonstrating a causal connection between

27   the actions or omissions of defendant Collinsworth in contributing to the delay of plaintiff's

28   referral to a specialist.  The Ninth Circuit did not address the issue of delay in plaintiff's medical

1   care, or whether plaintiff had alleged facts sufficient to state a cognizable Eighth Amendment

2   claim, because such issues were not raised in the appeal.  Thus, the September 22, 2020 appellate

3   decision is not relevant to the instant motion.

4   VII.  Leave to Amend

5          Plaintiff's original and first two amended complaints were dismissed, and plaintiff was

6   granted leave to amend.  Plaintiff's claims against defendants Mahmoud and Chen, both doctors

7   treating plaintiff while housed at CSP-SOL, were dismissed without leave to amend.  Plaintiff has

8   not indicated that any additional facts exist that could be added by amendment to cure the above-

9   identified defects in plaintiff's claims against defendant Collinsworth.  Accordingly, further leave

10  to amend would be futile and the dismissal of defendant Collinsworth should be with prejudice.

11  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) (leave to amend may be denied

12  where futile); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009)

13  (district court has broad discretion to dismiss with prejudice where plaintiff has amended once

14  already).

15  VIII.  Conclusion

16         For all of the above reasons, defendant Dr. Collinsworth's motion should be granted, and

17  he should be dismissed with prejudice.

18         Accordingly, IT IS HEREBY RECOMMENDED that:

19         1.  Defendant  Dr. Collinsworth's motion to dismiss (ECF No. 207) be granted; and

20         2.  Plaintiff's claims against Dr. Collinsworth be dismissed from this action with

21  prejudice.

22         These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

24  after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

27  objections shall be filed and served within fourteen days after service of the objections.  The

28  ////

1    parties are advised that failure to file objections within the specified time may waive the right to

2    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    Dated:  November 28, 2022

4

5                                                                    KENDALL J. NEWMAN
                                                                     UNITED STATES MAGISTRATE JUDGE

6

7    /john1313.C.mtd.12b6

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15