UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>J.A. BEARD, et al.,<br><br>        Defendants. | No.  2:15-cv-1313 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks sanctions under Rules 11(c) and 37(d)(b) of the Federal Rules of Civil Procedure.  Defendant Collinsworth filed an opposition.  As discussed below, plaintiff's motion is denied.

Sanctions Under Rule 11

Plaintiff contends that defendants should be sanctioned because they failed to answer the third amended complaint, delayed the case, and refused to proceed to trial.  (ECF No. 201 at 2.)  He argues that defendants have "misrepresented the issues when in fact there is a genuine issue that needs to be handled by a jury trial."  (Id.)  Plaintiff asserts that lawyers have been ordered to show cause why they should not be sanctioned for making frivolous arguments.  (ECF No. 201 at 5.)

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well-grounded in fact, legally

1

tenable, and not interposed for any improper purpose.'" Islamic Shura Council of Southern California v. F.B.I., 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)).  A motion pursuant to Rule 11 has stringent notice and filing requirements.  See Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005).  Rule 11 includes a "safe harbor" provision that the court strictly enforces.  See Fed. R. Civ. P. 11(c)(2) ("The motion must be served . . . but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service. . . ."); Holgate, 425 F.3d at 677.

First, to the extent plaintiff seeks sanctions as to defendants Naku, Mahmoud, and Chen, plaintiff's motion fails.  Defendant Naku is not represented by counsel, and on April 27, 2021 clerk's default was entered based on Naku's failure to file a responsive pleading.  (ECF No. 136.)  Motions to dismiss filed by defendants Mahmoud and Chen were granted without leave to amend.  (ECF Nos. 106, 185.)  Defendant Collinsworth's motion to dismiss is pending.  (ECF No. 207.)  Accordingly, plaintiff's motion is construed as directed toward defendant Collinsworth.

Second, plaintiff's motion must be denied because he failed to comply with the "safe harbor" provision of Rule 11(b).

Third, plaintiff's motion fails on the merits.  Plaintiff identifies no misrepresentations made by defendant Collinsworth or his counsel as required under Rule 11.  Plaintiff's conclusory claim that the motion to dismiss is "frivolous" is unsupported by specific facts and therefore unavailing.  In addition, as argued by defendant Collinsworth, defendant's motion to dismiss relieved Collinsworth of his obligation to file an answer.  Fed. R. Civ. P. 12(a)(4)(A) (serving a motion to dismiss alters the deadlines for filing a responsive pleading).  Thus, defendant Collinsworth has not failed to defend as plaintiff contends (ECF No. 201 at 2).

For all of the above reasons, plaintiff's motion for sanctions under Rule 11 is denied.[1]

////

---

[1] The court agrees that plaintiff's case has been subject to myriad delays.  However, there have been multiple amendments to the complaint, multiple motions to dismiss, requests for reconsideration, and difficulties in serving defendants, all of which have contributed to such delays.  Review of the record reflects no intentional delay by defendants.

Sanctions Under Rule 37(d)(b)

Rule 37 of the Federal Rules of Civil Procedure governs failures to make disclosures or cooperate in discovery.  Id.  Rule 37(d) specifically addresses a party's failure to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection.  Here, no discovery and scheduling order has issued, and no discovery has been propounded.  Thus, Rule 37 does not apply.  Plaintiff's motion for sanctions under Rule 37 is denied.[2]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for sanctions (ECF No. 201) is denied.

Dated:  November 28, 2022

_____<br>
KENDALL J. NEWMAN<br>
UNITED STATES MAGISTRATE JUDGE

/john1313.sanc

---

[2] Plaintiff included a list of cases addressing the issue of untimely requests for jury trial and waiving a jury demand. (ECF No. 201 at 3-4.)  It is unclear how such cases apply here, but plaintiff has not waived his request for jury trial which was included in his original complaint (ECF No. 1 at 17).