1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PAUL JOHNSON,                              No.  2:15cv1313 DJC KJN P

12                      Plaintiff,

13            v.                                 ORDER

14    BEARD, et al.,

15                      Defendants.

16

17         Plaintiff is a state prisoner, proceeding pro se.  On June 20, 2023, plaintiff filed a request

18    for jury trial and scheduling order and renewed his request for the appointment of counsel.  As

19    discussed below, plaintiff's request for jury trial is denied, and plaintiff shall file a motion for

20    default judgment as to the sole remaining defendant, Dr. Naku.  Plaintiff's request for

21    appointment of counsel is also denied.

22    Request for Jury Trial

23         In this action, plaintiff alleges defendants were deliberately indifferent to his serious

24    medical needs in violation of the Eighth Amendment.  On May 12, 2023, plaintiff's last request

25    for reconsideration was denied by the district court.  (ECF No. 224.)  All defendants have now

26    been dismissed except for Dr. Binoye Naku.  After Dr. Naku failed to appear,[1] plaintiff obtained a

27    _____

28    [1]  Despite Dr. Naku's initial response to the court's order to show cause (ECF No. 94), Dr. Naku
      failed to file an answer or otherwise formally respond to plaintiff's third amended complaint.

                                                  1

1   clerk's entry of default under Rule 55(a) of the Federal Rules of Civil Procedure.  (ECF Nos. 136,

2   138.)  Given the Clerk's entry of default, no jury trial is required.  Therefore, plaintiff's request

3   for jury trial is denied.  The Court now sets a deadline for plaintiff to move for default judgment

4   under Rule 55(b)(2).

5   Operative Pleading

6        This action proceeds on plaintiff's third amended complaint.  (ECF No. 54.)  Plaintiff

7   alleges that defendant Dr. Naku was deliberately indifferent to plaintiff's serious medical needs in

8   violation of the Eighth Amendment.

9   Standards Governing Default Judgment

10       Once default has been entered, a plaintiff may apply to the Court for entry of default

11   judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Generally, default

12   judgments are disfavored.  See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The choice

13   whether a default judgment should be entered is at the sole discretion of the district court.  See

14   Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Lau Ah Yew v. Dulles, 236 F.2d 415,

15   416 (9th Cir. 1956) ("It is conceded that the grant or denial of a motion for the entry of a default

16   judgment is within the discretion of the court.").  A defendant's default alone does not entitle a

17   plaintiff to a court-ordered judgment.  See Aldabe, 616 F.2d at 1092.  Instead, the Ninth Circuit

18   has determined that a court should look at seven discretionary factors before rendering a decision

19   on default judgment.  See Eitel, 782 F.2d at 1471-72.  Such factors are:  (1) the possibility of

20   prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the

21   complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning

22   material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy

23   underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Id.

24       As a general rule, once default is entered, well-pleaded factual allegations in the operative

25   complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc.

26   v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin.

27   Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v.

28   Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint

2

1    are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings,

2    and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co.

3    of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388

4    (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A]

5    defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"

6    (citation and quotation marks omitted)); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D.

7    Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  Thus, a

8    party's default conclusively establishes that party's liability on sufficiently-pleaded claims, but

9    does not establish the amount of damages.  Geddes, 559 F.2d at 560; see also Adriana Int'l Corp.

10   v. Thoeren, 913 F.2d 1406, 1414 (9th Cir.1990); Doe v. Rafael Saravia, 348 F.Supp.2d 1112,

11   1143 (E.D. Cal. 2004).  To obtain a default judgment against a defendant for a claim for uncertain

12   damages, the plaintiff must prove the amount of damages he seeks.  Shanghai Automation

13   Instrument Co., Ltd. v. KUEI, 194 F.Supp.2d 995, 1010 (N.D. Cal. 2001).

14   Discussion

15          Plaintiff is granted sixty days from the date of this order in which to file a motion for

16   default judgment as to remaining defendant Dr. Naku.  Plaintiff's motion for default judgment

17   shall provide developed argument, including citation to the record and relevant legal authority, in

18   addressing the requirements discussed above and any other applicable requirements.  See Fed. R.

19   Civ. P. 7(b)(1)(B) (noting that motions must "state with particularity the grounds for seeking the

20   order").  Plaintiff's motion should also provide evidence to support any claim for damages.

21   Request for Counsel

22          District courts lack authority to require counsel to represent indigent prisoners in section

23   1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

24   circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

25   U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

26   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

27   circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

28   well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

1   legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

2   abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

3   circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of

4   legal education and limited law library access, do not establish exceptional circumstances that

5   warrant a request for voluntary assistance of counsel.

6   　　　　Having considered the factors under Palmer, the court finds that plaintiff failed to meet his

7   burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

8   time.

9   　　　　Accordingly, IT IS HEREBY ORDERED that:

10   　　　　1.  Plaintiff's motion for jury trial (ECF No. 225) is denied;

11   　　　　2.  Plaintiff is granted sixty days from the date of this order in which to file a motion for

12   default judgment against defendant Dr. Binoye Naku consistent with the above order; and

13   　　　　3.  Plaintiff's motion for the appointment of counsel (ECF No. 225) is denied without

14   prejudice.

15   Dated:  June 29, 2023

16

17   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

18

/john1313.dj.fb

19

20

21

22

23

24

25

26

27

28

4